**VODREY, Admr., Plaintiff, v. QUIGLEY et, Defendants.**

Probate Court, Columbiana County.

No. 51712. Decided April 25, 1956.

30

William H. Vodrey, Jr., East Liverpool, for J. Norman Vodrey, Administrator, plaintiff, and defendant, J. Norman Vodrey.

Metzger, McCorkhill & Metzger, Guy J. Mauro, Salem, for defendant, Helene C. Quigley.

Clark & Clark, East Liverpool, Hunston, Atkinson & Lower, Salem, for defendant, James R. Vodrey et al.

John R. Milligan, Canton, for defendant, Kathryn Vodrey Milligan.

## OPINION

By TOBIN, J.

This cause came on to be heard on the Petition to determine heirship filed by J. Norman Vodrey, Administrator, and on the answers of the various parties. The Court finds as facts, that Pauline Ann Vodrey died at the age of 19 years. That she was the natural child of William N. Vodrey and Pauline Campbell Vodrey both of whom predeceased her. That there was a valid adoption on May 15, 1951 by her Aunt, Sarah Vodrey Gardner, sister of her father, William N. Vodrey. That Helene C. Quigley, is her nearest relative by blood, and that J. Norman Vodrey is her nearest relative on the side of her adopted parent.

The first question to be disposed of is whether or not the nearest blood relative, Helene C. Quigley, would inherit despite the valid adoption of May 15, 1951. The Court finds and decides that under §3107.13 R. C., the language of which is as follows: "For the purpose of inheritance to, through and from a legally adopted child, such child shall be treated the same as if he were the natural child of his adopting parents, and shall cease to be treated as the child of his natural parents for the purpose of intestate succession." This clearly eliminates any and all rights of the natural blood relatives of the child in favor of the adopting parents or their relations for the purpose of intestate succession. Therefore, any and all rights of Helene C. Quigley as the nearest blood relative and sister of the natural mother of the decedent were cut off by the adoption and subsequent death of Pauline Ann Vodrey by operation of this statute. The reasoning of Helene C. Quigley that this did not take effect because the natural parents were dead at the time of the adoption, is not accepted by this Court. The reference had in the first part under §3107.13 R. C., which reads in part, "The natural parents, if living, shall be divested of all legal rights and obligations due from them to the child or from the child to them, and the child shall be free from all legal obligations of obedience or otherwise to such parents" refers to the duties of the child and its obligation to the natural parents. The matter of inheritance is entirely controlled by Sub-section A and B of this same Code Section. The Court further states that the child is very much a party to the adoption action and therefore is bound by the statute, in effect at the time of her death relating to adoption and matters of inheritance. The argument placed before this Court that the adoption may be binding upon the adopting parents or natural parents but is not

binding upon the blood relatives of the adopted child is not persuasive in this case. This is not an instance where an adopted child is trying to claim throught natural blood relatives, but is a case of the natural blood relatives trying to claim through the adopted child. Since the child was very much a party to the adoption and in the instant case had filed an answer and consent, under any manner of reasoning the adoption and all the implications as to matters of inheritance were binding upon the child, and if so, on all those who claim through the child.

The Court finds under 129 Oh St 625, Ostrander v. Preece, and other cases quoted in plaintiff's brief that the legislature was perfectly within its Constitutional rights to change the matter of inheritance. Therefore the claim of Helene C. Quigley is rejected.

Coming now to the second question: Who are the heir or heirs of Pauline Ann Vodrey? The mother by adoption of Pauline Ann Vodrey at the time of her death was Sarah Vodrey Gardner, deceased. Both the parents of Sarah Vodrey Gardner are deceased and neither grandparent left any lineal descendants. Their only children were William N. Vodrey, natural father of Pauline Ann Vodrey and Sarah Vodrey Gardner, his sister and Pauline's aunt, and the sole issue of both William N. Vodrey and Sarah Vodrey Gardner was Pauline Ann Vodrey, herself. Since Pauline Ann Vodrey could not have left a will, she being a minor, the property must be disposed of in accordance with the statute on descent and distribution, and also in accordance with §2105.06 R. C., Sub-section H. Since there were no grandparents surviving or any lineal descendants of the grandparents surviving, then the next of kin of the intestate inherits under the express provision of this section, which in part reads: "there shall be no representation among such next of kin." The claim has been advanced that by virtue of Section H of §2105.06 R. C., former §10503-4 GC, that the estate must be divided into two portions and each portion administered as if there were two estates. The cases of Snodgrass v. Bedell, 134 Oh St 311 and In re Estate of Dennis Raymond Kelly, case No. 5075, Court of Appeals, Franklin County (reversed, 165 Oh St 259), are cited on behalf of this proposition. A careful reading of such cases discloses that they decided only this one principle of law namely:—that each half of the estate is to vest in one of the grandparents by virtue of said grandparent surviving or the lineal descendants of such grandparents surviving and then the other half of the estate may descend to those farther removed than lineal descendants of grandparents, and each half is inherited as if each were a separate estate being separately administered. Both of the above cases make it clear and plain that a condition precedent to its reasoning is that at least one half of the estate must vest in either a grandparent or said grandparent's lineal descendants before the principles in these cases apply. In the instant case, neither grandparent survived and neither left any lineal descendants. Therefore the principle and reasoning in the above cases do not apply. The plain provision quoted in §2105.06 R. C., Sub-section H, which reads in part, "If there are no surviving grandparents or lineal descendants then to the next of kin of the intestate providing there shall be no representation among such

next of kin," leaves no doubt that in such a case the nearest of kin inherits all the estate. The Legislature decided in the enactment of this statute that it would not be necessary to seek all the heirs on both sides of the family beyond the grandparents or their lineal descendants. After that only the nearest of kin on either side need be found. It is perfectly reasonable for the Legislature to establish such a point beyond which one need not seek to find all the possible branches of a family tree. It is just as logical to use this as a breaking off point or any other stopping place the Legislature may have decided. This Court thus decides that before it is required that an estate be divided into equal halves and descend to the heirs of both branches of the family at least one grandparent must survive, or not surviving must leave lineal descendants. Where both do not survive and both do not leave lineal descendants there is no division of the estate and the entire estate goes to the next of kin without representation.

Since it is admitted that the sole next of kin and closest relative of Pauline Ann Vodrey through her adopted mother, Sarah Vodrey Gardner was J. Norman Vodrey, the Court finds that J. Norman Vodrey is such next of kin and the sole heir of Pauline Ann Vodrey, deceased.

The Court further finds that the matter of the constitutionality of establishing a succession inheritance generally, in this case particularly, have been determined by previous decisions of the Supreme Court in the case of Gilpin v. Williams, 25 Oh St 283; Pollock v. Speidel, 27 Oh St 86; Ostrander v. Preece, 129 Oh St 625.

Therefore the legislature may, and in the present case has, determined the manner in which intestate property shall descend and in doing so was perfectly within its legal and constitutional rights.

The said argument has been advanced by the claimant Helene C. Quigley, that the adopted mother perpetrated a fraud by adopting the child, Pauline Ann Vodrey and using the child's estate for its support, thus neglecting the principal duty of a parent to support such child. Even if such facts were established to be true, nevertheless such action is not enough to invalidate an otherwise legal adoption or to change the plan provided under the laws of descent and distribution.

To recapitulate the Court's finding, the Court finds that by virtue of the adoption Case No. 325 of May 15, 1951, and by virtue of §3107.13 R. C., which was in effect at the time of the death of Pauline Ann Vodrey in March, 1954, that the natural blood relative Helene C. Quigley is legally no longer an heir of Pauline Ann Vodrey; that Pauline Ann Vodrey's adopted mother, Sarah Vodrey Gardner and her two grandparents, William E. and Laura G. Vodrey did not survive her, that neither her adopted mother nor either of her grandparents, William E. and Laura G. Vodrey left any lineal descendants and that J. Norman Vodrey is the next of kin and that by virtue of Section H of §2105.06 R. C., is the sole heir of Pauline Ann Vodrey.

Exceptions permitted to all parties.

See Journal.