METCALF ET AL., APPELLEES, *v.* WINNEN ET AL., APPELLANTS.

(No. 3731—Decided March 14, 1985.)

*Roy A. West,* for appellees.
*Harold Pollock,* for appellants.

GEORGE, J. The defendants, Bartholomew and Hope Winnen, appeal the judgment of the trial court granting the plaintiffs, Douglas and Cassandra Metcalf, a writ of restitution in a forcible entry and detainer action. This court affirms that judgment.

On May 1, 1984, the Metcalfs filed a forcible entry and detainer action against the Winnens. The Metcalfs sought to evict the Winnens from property located at 38227 Butternut Ridge Road, in Elyria. The Metcalfs also sought $600 for delinquent rent. The Winnens filed an answer to the complaint. As one of their defenses, they alleged that the Metcalfs did not have good title to the property in question.

This case was continued three times. On June 15, 1984, after notice was sent to all parties concerned, a hearing was held before a referee. Neither the defendants nor their attorney appeared at this hearing. On June 18, 1984, the referee filed a report finding that the Metcalfs owned the property and that the Winnens owed the Metcalfs $800 in rent. Thus, the referee recommended that a writ of restitution be issued. This recommendation was adopted by the trial court on that same day.

The Winnens filed a motion for

relief from this judgment. The trial court subsequently stayed the judgment pending a ruling on this motion. On July 11, 1984, the trial court dismissed the stay and issued the writ of restitution. The Winnens appeal from the June 18, 1984 judgment raising the following assignment of error:

"The trial court erred by granting judgment to plaintiffs-appellees in a forcible entry and detainer action when said plaintiffs-appellees were only holding title in constructive trust for the benefit of another, where defendants-appellants had challenged that title in their answer and in a separate action to determine title to the real estate in question."

The Winnens first argue that the Metcalfs did not have equitable title to the property in question. As such the Metcalfs did not have the right to commence the forcible entry and detainer action against them. Since the Winnens did not appear at the hearing held before the referee on June 15, 1984 in order to raise this issue, they cannot now raise this issue on appeal. See, generally, *State* v. *Ishmail* (1978), 54 Ohio St. 2d 402 [8 O.O.3d 405]; and *Kalish* v. *Trans World Airlines* (1977), 50 Ohio St. 2d 73 [4 O.O.3d 195]. Further, the Winnens failed to provide this court with a transcript of the proceedings. Thus, this court cannot consider the Winnens' claims. *Lasher* v. *Lasher* (Aug. 31, 1983), Medina App. No. 1169, unreported.

The Winnens next argue that they were not required to file objections to the referee's report before the trial court issued its judgment. Regardless of the merits of this argument, it does not affect the validity of the trial court's judgment.

Accordingly, this assignment of error is overruled and the judgment of the trial court is affirmed.

Pursuant to App. R. 23, the court finds that this appeal is frivolous and orders the appellants to pay $200 of appellee's attorney fees as well as court costs.

*Judgment affirmed.*

BAIRD, P.J., and MAHONEY, J., concur.