SAWYER, Appellant,

v.

LEBANON CITIZENS NATIONAL BANK et al., Appellees.

[Cite as *Sawyer v. Lebanon Citizens Natl. Bank* (1995), 105 Ohio App.3d 464.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA95–02–016.

Decided July 31, 1995.

*Thomas G. Eagle,* for appellant.

*Gray, Duning & Dunlap, Anne E. Krehbiel* and *J. William Duning,* for appellee Lebanon Citizens National Bank.

*James A. Whitaker,* for appellees James A. Favaron and Loretta Favaron.

---

WALSH, Presiding Judge.

Plaintiff-appellant, Bonnie Sawyer, appeals a decision of the Warren County Court of Common Pleas, Probate Division, which granted summary judgment in favor of defendants-appellees, Lebanon Citizens National Bank, Trustee ("LCNB"); James A. Favaron and Loretta Favaron, individually; James and Loretta Favaron as next and best friends on behalf of Shonda Kay Favaron and Melissa Sue Favaron, minors; Shonda Kay Favaron, minor ("Shonda"); and Melissa Sue Favaron, minor ("Melissa") ("appellees"); and ordered a hearing for a determination of frivolous conduct.

Timberly Kay Favaron ("Favaron") died as a result of a motor vehicle accident in 1982. At the time of her death, Favaron left two minor children surviving her, Shonda, then age three, and Melissa, then age two.[1] An action for the wrongful death of Favaron resulted in a settlement in which Shonda and Melissa received a total of approximately $55,000. The Warren County Court of Common Pleas, Probate Division, approved the children's share of the settlement and created an irrevocable trust pursuant to R.C. 2125.03(A)(2) under which the funds were placed in trust for the two minor children. The trust agreement specifically named Shonda and Melissa as the beneficiaries and LCNB as the trustee.

The trust agreement provided for distribution of the trust funds to the beneficiaries when they reach age twenty-five. Section six of the trust agreement also contained the following contingency language:

"If both beneficiaries die prior to their twenty-fifth (25th) birthdays without surviving children, their Trust shall terminate and be paid to the heirs of Timberly Kay Favaron. Said heirs shall be determined as if she (Timberly Kay Favaron) had died the day after the last beneficiary."

On October 8, 1984, subsequent to the death of their natural mother and the creation of the wrongful death trust, Shonda and Melissa were adopted by James and Loretta Favaron, their paternal uncle and aunt. The natural father of the children relinquished all parental rights to his two children and consented to their

---

1. Appellant is the mother of Timberly Kay Favaron and the natural grandmother of Shonda and Melissa.

adoption. On July 14, 1992, all rights to any familial relationships, visitation, and contact between appellant and the children was terminated by court order.

Thereafter, appellant brought a declaratory judgment action seeking termination of the trust. Appellant argued that by virtue of the adoption of Shonda and Melissa, the contingency language in the trust had been met and that only she was entitled to the trust funds as Favaron's next of kin. Appellant argued that pursuant to the Ohio adoption statute, the children were now the children of someone else and no longer had any legal right to share in the trust funds accumulated by reason of the wrongful death of their natural mother.

The trial court granted summary judgment in favor of appellees. The trial court also ordered a hearing for a determination of whether the action brought by appellant was frivolous and adversely affected appellees so as to justify an award of attorney fees.

On appeal, appellant raises two assignments of error for review. In her first assignment of error, appellant contends that the trial court erred in granting summary judgment in favor of appellees. Appellant argues that a wrongful death trust containing a provision which terminates the trust upon the death of the beneficiaries is terminated as a matter of law when the beneficiaries are adopted. Appellant also argues that the trial court's interpretation of the wrongful death and adoption statutes causes a conflict between them and that it is unconstitutional to sever the familial relationships between an adopted child and his or her natural family, but not an adopted child's rights to income, support or assets from the natural family.

The trial court found that at the time the wrongful death action was settled, Shonda and Melissa were proper beneficiaries and that their adoption after the creation of the trust agreement did not affect their status as such beneficiaries. Thus, the trial court refused to terminate the trust and entered judgment for appellees.

■ Civ.R. 56(C) provides that summary judgment is appropriate where (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in favor of the nonmoving party could reach but one conclusion, which is adverse to the nonmoving party. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884.

■ R.C. 2125.02(A)(1) provides that an action for wrongful death shall be brought for the exclusive benefit of the surviving spouse, children, and parents of the decedent, who are rebuttably presumed to have suffered damages by reason of the wrongful death. In addition, the statute states that "[t]he date of the decedent's death fixes * * * the status of all beneficiaries of the action for

purposes of determining the damages suffered by them * * *." R.C. 2125.02(A)(3)(a). When some or all of the beneficiaries of a wrongful death action are children, the court may order the amount received for the children to be placed in trust for their benefit until the children reach the age of twenty-five. R.C. 2125.03(A)(2).

In this case, an irrevocable trust was created for the benefit of the children after the wrongful death of their natural mother. The record indicates that at the time of their natural mother's death, Shonda and Melissa, while minors, were proper beneficiaries according to R.C. 2125.02(A)(3)(a). It was not until after the creation of the trust that the children were adopted by their paternal uncle and aunt.

Appellant's reliance upon R.C. 3107.15, the adoption statute, to support her argument that an adoption terminates a trust previously established for minor beneficiaries is misplaced. The adoption statute has no bearing upon the provisions of this trust agreement.

As a result of their natural mother's wrongful death, Shonda and Melissa received a total settlement amount of $55,000. Because of their minority, the court created an irrevocable trust for the specific benefit of the children under which their share of the settlement proceeds was deposited. R.C. 2125.03(A)(2). We find that the interests of Shonda and Melissa in the trust established explicitly for their benefit became vested when the judge adjusted the shares of all the beneficiaries under R.C. 2125.03(A)(1) and (2) and cannot be affected by their subsequent adoption. See *Ulmer v. Ackerman* (1993), 87 Ohio App.3d 137, 621 N.E.2d 1315; *Eisenmann v. Eisenmann* (C.P.1976), 52 Ohio Misc. 119, 126, 6 O.O.3d 449, 453, 370 N.E.2d 788, 792 (interpreting former analogous adoption statute, R.C. 3107.13).

In addition, we find that the contingency language in the trust agreement which purports to transfer the children's trust funds to appellant as Favaron's next of kin, in the event both children die without issue, is invalid and against public policy. The children's share of the wrongful death proceeds was placed in trust for them because they were minors when the wrongful death action was settled. But for their minority, Shonda and Melissa would have had their vested shares distributed directly to them immediately upon the settlement of the wrongful death action. Such shares are not subject to divestment as provided in the trust.

The court did not have authority pursuant to R.C. 2125.03(A)(2) to order the children's trust funds conveyed to Favaron's next of kin if both children died without issue before reaching age twenty-five, and we find that provision in the trust agreement invalid. Only the children can dispose of the trust funds

belonging to them by either will or intestate succession. See *Thomas v. Hobson* (App.1907), 10 Ohio C.C.(N.S.) 351, 352, 20 Ohio C.D. 214, 216.

Appellant has no valid claim to the trust funds in question. The adoption of Shonda and Melissa does not terminate the trust because upon creation the children acquired a vested interest in the trust. Since the children were minors and did not have testamentary capacity at the time of their adoption, they could not have conveyed their trust funds to appellant as provided by the trust's contingency language. See R.C. 2107.02; *Vodrey v. Quigley* (P.C.1956), 74 Ohio Law Abs. 29, 31, 139 N.E.2d 108, 110–111.

We also find that the trial court's interpretation of the wrongful death and adoption statutes does not cause a conflict between them. As we have already discussed, the adoption statute does not affect the trust agreement, and therefore there is no conflict between the two statutes based upon the facts of this case.

Appellant also contends that it is unconstitutional to sever the familial relationships between an adopted child and his or her natural family, but not the adopted child's rights to income, support or assets from the natural family. Appellant argues that once the adoption terminates all legal relationships between the children and their natural family, the children should not be entitled to continue to benefit from the wrongful death of their natural mother. We disagree.

An adoption terminates all legal relationships between an adopted person and the natural family, making the adopted person a stranger to his former relatives for all legal purposes. R.C. 3107.15. At the time of their adoption, all legal relationships, including the rights to income and support, between Shonda and Melissa and their natural family, were broken. The children did not receive income, support or assets from their natural family after their adoption and are not continuing to benefit from their deceased natural mother. Their immediate enjoyment of an entitlement to the trust funds has merely been delayed as a result of their minority. See *Wendell v. AmeriTrust Co.* (1994), 69 Ohio St.3d 74, 630 N.E.2d 368. Thus, Shonda and Melissa's vested interests in the wrongful death trust created prior to their adoption and specifically for their benefit cannot be curtailed.

Viewing the evidence in a light most favorable to appellant, we find no genuine issues of material fact, and appellees are entitled to judgment as a matter of law. Accordingly, appellant's first assignment of error is overruled.

In her second assignment of error, appellant argues that the trial court erred in ordering a hearing for a determination of frivolous conduct pursuant to R.C. 2323.51. Based upon our review of the record, we find that appellant's second assignment of error is not a final appealable order ripe for adjudication at this time.

R.C. 2505.02 provides that a final order is "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial * * *."

A final order is one which disposes of the whole case and leaves nothing for future determination. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381, 1383; *Hughes v. Hughes* (June 1, 1993), Preble App. No. CA93-02-005, unreported, 1993 WL 185587. An appellate court has no jurisdiction over an order which is not final. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266, 269-270.

The Ohio Supreme Court has determined that "[a] declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order." *Id.* at 22, 540 N.E.2d at 272. A substantial right is a "legal right entitled to enforcement and protection by law." *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64, 67.

In this case, the trial court ordered a hearing for a determination of frivolous conduct and possible award of attorney fees. The record indicates that the hearing was never held. Consequently, there has been no decision by the trial court on the issue of frivolous conduct and attorney fees; therefore, no order affecting a substantial right has been entered.

Because we determine that no substantial right was affected in a special proceeding in the trial court, we find that no final appealable order has been entered. We therefore decline to address appellant's second assignment of error and dismiss the portion of this appeal pertaining to frivolous conduct under R.C. 2323.51.

In addition, appellees have requested this court to order appellant to pay all attorney fees and costs incurred by appellees in defending this appeal pursuant to App.R. 23. Essentially, App.R. 23 allows an appellate court to award attorney fees and costs against a party bringing a frivolous appeal. *In re Estate of Hollingsworth* (1989), 58 Ohio App.3d 14, 15, 567 N.E.2d 1322, 1322-1323; *Metcalf v. Winnen* (1985), 21 Ohio App.3d 174, 175, 21 OBR 185, 186, 487 N.E.2d 351, 352-353.

In light of our finding with respect to appellant's second assignment of error, we defer ruling on appellees' requests for relief pursuant to App.R. 23 until the trial court holds a hearing and rules on appellees' motions for determination of frivolous conduct and attorney fees pursuant to R.C. 2323.51. Accordingly, we will defer ruling for a period of sixty days to allow the trial court an opportunity

to conduct the requisite hearing. Appellant is directed to notify this court when the trial court enters a decision concerning appellees' R.C. 2323.51 motions.

The judgment is affirmed in part and the appeal is dismissed in part. The ruling on appellees' requests for App.R. 23 relief is deferred for a period of sixty days.

*Judgment accordingly.*

KOEHLER and POWELL, JJ., concur.