OPINION
Plaintiff-appellant, Randall Gunlock dba R.G. Properties, Inc., appeals a decision by the Clermont County Court of Common Pleas granting defendants-appellees, Z.B.P. Partnership aka Zettler Brothers Partnership and Nicholas Zettler, a partial summary judgment. The partial summary judgment cancelled a "Notice Lis Pendens" filed by appellant. We affirm.
Appellant filed a complaint against appellees for "declaratory judgment, injunctive and other relief" on October 15, 1996. The complaint alleged that an enforceable contract existed between appellant and appellees for the sale of a parcel of property located in Clermont County. In his complaint, appellant demanded:
 (1) [A] judgment declaring the rights and obligations of the parties pursuant to their agreement.
 (2) [A] mandatory injunction prohibiting [appellee] from conveying or contracting to convey the subject real estate to a third party during the pendency of this action.
 (3) [M]oney damages against [appellees], jointly and severally, upon proper proof in an amount greater than One Million ($1,000,000.00) Dollars.
 (4) For his costs, and all other relief to which he is entitled, at law or in equity.
A "Notice Lis Pendens" was filed by appellant at the Recorder's Office of Clermont County on October 16, 1996.
Appellees filed a motion on March 19, 1997 petitioning the court for:
 (1) a partial summary judgment finding that R.C. 2703.26 has no applicability to this action, (2) an order quashing the "Notice Lis Pendens" recorded by [appellant] on October 16, 1996 * * *.
On April 14, 1997, the trial court sustained appellees' motion and ordered that the "Notice Lis Pendens" filed on October 16, 1996 be "quashed and deemed canceled." Appellant appeals the trial court's April 14, 1997 order, and presents two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED BY ADDING CIVIL RULE 54(B) LANGUAGE TO THE PARTIAL SUMMARY JUDGMENT ORDER QUASHING AND CANCELING LIS PENDENS, BECAUSE THE ORDER IS NOT FINAL AND APPEALABLE UNDER R.C. 2505.02.
Appellant argues that the trial court's decision to quash the "Notice Lis Pendens" is not a final appealable order. The court stated in its order that "this partial summary judgment shall be final and the court hereby determines that there is no just reason for delay." Although parties appealing a trial court decision rarely argue that they presently have no right to appeal because the trial court's decision is not final and appealable, we will address appellant's argument nonetheless.
"Lis pendens" literally translates as "pending suit." McIlvaine v. McIlvaine (Mar. 17, 1993), Summit App. No. 15773, at 6. Lis pendens is an exception to the general rule "that one not a party to a suit is not affected by the judgment." Cook v. Mozer (1923), 108 Ohio St. 30, 36. The effect of lis pendens is that if a third party acquires an interest in the property while the lawsuit is pending, the third party takes the property subject to the final outcome of the suit. Martin, Rochford and Durr v. Lawyer's Title Insurance Corp. (1993), 86 Ohio App.3d 20, 22; R.C. 2703.26. The purpose of the doctrine of lis pendens is to protect the plaintiff's interest in the property that is the subject of the litigation between the parties. Martin, Rochford and Durr at 22.
The trial court stated in its order quashing the "Notice Lis Pendens" that it reserved for later adjudication the remaining claims of appellant against appellees. "An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." Noble v. Colwell (1989), 44 Ohio St.3d 92, syllabus. An appellate court's review of a trial court's order should first decide whether the order complies with R.C. 2505.02, and then second, review the court's determination required by Civ.R. 54(B) that "there is no just reason for delay." Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352,354-55.
R.C. 2505.02 sets forth three types of final orders:
 (1) an order that affects a substantial right in an action which in effect determines the action and prevents a judgment; (2) an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment; or (3) an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without trial.
North Canton v. Hutchinson (1996), 75 Ohio St.3d 112, 114.
The present case involves an order that affects a substantial right made in a special proceeding. First, a substantial right was affected because the "right of a property owner to retain ownership of his property is clearly a substantial right." Weiland v. Luizzi (Apr. 6, 1988), Summit App. No. 13146, unreported, at 7. Second, the present case stems from appellant's request for a judgment "declaring the rights and obligations of the parties pursuant to their agreement." A declaratory judgment action constitutes a special proceeding and rulings affecting substantial rights in such proceedings are generally final orders. National City Bank v. Depew (Nov. 12, 1996), Summit App. No. 18116, unreported, at 3.
The order to quash the "Notice Lis Pendens" affected a substantial right in a special proceeding because appellant's ability to demand specific performance could be affected if appellees sold the property. Without lis pendens, appellees could sell the property to a third party, and the third party would take the property without the property being subject to the outcome of the suit. Accordingly, we find that the trial court's order complies with R.C. 2505.02.
The second step of our analysis is to determine whether the trial court complied with the requirements of Civ.R. 54(B). The trial court stated that "this partial summary judgment shall be final and the court hereby determines that there is no just reason for delay." "[T]he phrase `no reason for delay' is not a mystical incantation which transforms a nonfinal order into a final appealable order." Wisintainer, 67 Ohio St.3d at 354. In deciding that there is no just reason for delay:
 the trial judge makes what is essentially a factual determination — whether an interlocutory appeal is consistent with the interests of sound judicial administration, i.e., whether it leads to judicial economy.
Id.
However, a trial court's decision to include the language of Civ.R. 54(B) in its order will be upheld if some competent and credible evidence supports the trial court's factual findings. Id. at 355, following Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77. The reason for this is that:
 The trial court is most capable of ascertaining whether not granting a final order might result in the case being tried twice. The trial court has seen the development of the case, is familiar with much of the evidence, is most familiar with the trial court calendar, and can best determine any likely detrimental effect of piecemeal litigation.
Wisintainer at 355.
After having reviewed the record, we find that the trial court's factual determination that there was no just reason for delay is supported by competent and credible evidence. The trial court's order does not have the detrimental effect of piecemeal litigation because the order conclusively resolves the issue of whether lis pendens can be attached to the property and the other issues in appellant's complaint are not affected by the order.
Accordingly, we find that the trial court's order complies with the requirements of R.C. 2505.02 and Civ.R. 54(B), and is a final and appealable order. Therefore, we have jurisdiction to review the order and are able to address appellant's second assignment of error. Sawyer v. Lebanon Citizens National Bank (1995), 105 Ohio App.3d 464, 470, discretionary appeal not allowed (1995), 74 Ohio St.3d 1476. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF APPELLANT BY FINDING THAT LIS PENDENS DOES NOT APPLY TO APPELLANT'S ACTION REQUESTING DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF DIRECTLY AFFECTING THE SALE AND CONVEYANCE OF CERTAIN REAL ESTATE.
Appellant argues that the trial court should have found that lis pendens applies to the present case. In order to apply the doctrine of lis pendens, the following elements must be met:
 (1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; (3) the property or res involved must be sufficiently described in the pleadings (4) * * * that the litigation must be about some specific thing that must be necessarily affected by the termination of the suit.
Katz v. Banning (1992), 84 Ohio App.3d 543, 548, quoting Cook v. Mozer (1923), 108 Ohio St. 30, 37. The trial court held that lis pendens did not apply in the present case because the fourth element was not satisfied. Courts have held that the fourth element is satisfied if the property described in the complaint is directly affected by the judgment in the pending suit, or in other words, the property "must be at the very essence of the controversy between the litigants." Katz at 548.
A review of appellant's complaint discloses that the central issue of the present case is whether a contract existed between appellant and appellees. Upon a finding that a contract exists, and a determination of the terms of that contract, appellant claims that he is "entitled to recover lost profits and all other damages caused by [appellees] breach of said contract."
We find that appellant's request for recovery of lost profits, money damages, and costs, does not directly affect appellees' property. See Katz at 548-550. "An action for money only is not within the doctrine of lis pendens." Pournaras v. Hopkins (1983), 11 Ohio App.3d 51, 52. The present case closely mirrors the Katz case, where the plaintiff asserted a cause of action for breach of contract, sought money damages, and argued that lis pendens applied. The court in Katz held that the property was not the essence of the plaintiffs' complaint because the "real estate in question essentially constituted a lost business opportunity." Katz at 548.
Accordingly, we find that the trial court did not err finding that the doctrine of lis pendens does not apply to the present case. Appellant's second assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.