JOURNAL ENTRY AND OPINION
Plaintiff-appellant Robert J. Schultz, individually and as executor of the estate of Ann M. Schultz, deceased ("appellant") has filed a motion with this court asking that the findings of fact and conclusions of law entered by the trial court dismissing some of appellant's declaratory judgment claims pursuant to Civ.R. 41(B)(2) be determined to be a final appealable order subject to appellate review. The trial court refused to certify the order under Civ.R. 54(B). Appellant admits that claims involving money actions, declaratory judgment, and specific performance remain outstanding between the various parties to this case are still outstanding.
A final order is one which disposes of the whole case and leaves nothing for future determination. Noble v. Colwell (1989),44 Ohio St.3d 92, 94. An appellate court has no jurisdiction over an order which is not final. Gen. Acc. Ins. Co. v. Ins. Co. of N.Am. (1989), 44 Ohio St.3d 17, 20. A declaratory judgment action may be a final order under R.C. 2505.02 because it is a special proceeding which affects a substantial right. Sawyer v. LebanonCitizens Natl. Bank (1995), 105 Ohio App.3d 464. Even so, a final order disposing of fewer than all of the claims and parties is not appealable unless the trial court certifies the order pursuant to Civ.R. 54(B). See Wisintainer v. Elcen Power Strut Co. (1993),67 Ohio St.3d 352; Mezerkor v. Mezerkor (1994), 70 Ohio St.3d 304. Because fewer than all the claims have been resolved and the trial court did not find there was not just reason for delay, the trial court's order is not a final appealable order. Chef Italiano Corp.v. Kent State Univ. (1989), 44 Ohio St.3d 86.
Appellant's motion to determine that the findings of fact and conclusions of law entered on May 21, 1999, is a final appealable order is denied. The record shows the trial court has not made a final judgment. Therefore, the appeal is dismissed.
Appeal dismissed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE DARPINSKI, P.J. and JOHN T. PATTON. J. CONCUR.
 ________________________ LEO M. SPELLACY, JUDGE.