**BROWN, Appellee,**

v.

**ZURICH US, Appellant.**

[Cite as *Brown v. Zurich US,* 150 Ohio App.3d 105, 2002-Ohio-6099.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–9.

Decided Nov. 12, 2002.

Hyslop & Hyslop Co., L.P.A., Bruce A. Hyslop and Jean Forquer Hyslop, for appellee.

Reminger & Reminger Co., L.P.A., Kevin Foley and Erin Stottlemyer Gold, for appellant.

---

LAZARUS, Judge.

{¶ 1} Defendant-appellant, Zurich US, appeals from the January 14, 2002 judgment entry of the Franklin County Court of Common Pleas, approving the December 4, 2001 magistrate's decision denying appellant's Civ.R. 60(B) motion for relief from judgment. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} On or about October 27, 1999, plaintiff-appellee Pamela J. Brown's husband, Thomas Ellis Brown, died in an automobile accident. At the time of his death, Mr. Brown was employed at Wang Global. Appellant provided life insurance coverage to employees of Wang Global. At the time of his death, Mr. Brown was covered under appellant's Accidental Death Benefit policy. As spouse and beneficiary under Mr. Brown's policy, appellee attempted to collect death benefits from appellant. The policy provided in relevant part:

{¶ 3} "SECTION II – EXCLUSIONS & LIMITATIONS

{¶ 4} "A. A loss shall not be a Covered Loss if it is caused by, contributed to, or resulted from:

{¶ 5} "1. Suicide, attempted suicide, or a purposeful self-inflicted wound;

{¶ 6} "* * *

{¶ 7} "C. No benefits will be paid for a Covered Loss contributed to, either directly or indirectly, by a Covered Person's being:

{¶ 8} "1. under the influence of any controlled substance, unless such controlled substance was prescribed by a physician and taken in accordance with the prescribed dosage."

{¶ 9} Mr. Brown's policy also provided for enhanced benefits paid to the beneficiary "which equals 10% of the Principal Sum up to a maximum $10,000." However, such enhanced benefit will not be paid "if the driver of the automobile in which the Insured was riding was either:

{¶ 10} "1. intoxicated.

{¶ 11} "a. An Insured will be conclusively presumed to be intoxicated if the level of alcohol in his/her blood exceeds the amount at which a person is presumed, under the law of the locale in which the accident occurred, to be intoxicated if operating a motor vehicle."

{¶ 12} Karen Doyle, Senior Claims Specialist of Zurich American Insurance, was assigned to Mr. Brown's claim. Doyle reviewed the police report, Mr. Brown's death certificate, and the toxicology report. On April 7, 2000, Doyle informed appellee that her claim was denied because Mr. Brown had a blood-alcohol content of 0.16, and the fatal accident was a result of Mr. Brown's intoxication, which was not accidental.

{¶ 13} On September 13, 2000, appellee filed a complaint against appellant, alleging bad faith and breach of contract. On November 3, 2000, appellee filed a motion for default judgment alleging that appellant failed to plead or otherwise defend. On November 14, 2000, the trial court granted appellee's motion, and set the matter for a damage hearing before a magistrate on January 25, 2001.

{¶ 14} At the January 25, 2001 hearing, appellee was present and represented by counsel; however, appellant failed to appear. On March 12, 2001, the magistrate issued her decision awarding appellee $54,000 in compensatory damages, $300,000 in punitive damages, and $118,000 in attorney fees, plus $225 in court costs. Appellant did not file objections to the magistrate's decision.

{¶ 15} On April 3, 2001, the trial court approved and adopted the magistrate's decision entering final judgment in favor of appellee against appellant in the amount of $472,000 with interest at the rate of 10 percent per annum, and court costs in the amount of $225. Also on April 3, 2001, appellee filed a motion for prejudgment interest. On April 17, 2001, the trial court referred the case to an evidentiary hearing for June 5, 2001, on appellee's motion.

{¶ 16} On April 19, 2001, appellant filed a Civ.R. 60(B) motion for relief from judgment claiming excusable neglect. On May 4, 2001, appellee filed a memorandum opposing appellant's motion. The matter was assigned to a magistrate on June 25, 2001, for a hearing on appellant's motion. The hearing was continued to

July 3, 2001, at which time all parties were present at the hearing and represented by counsel.

{¶ 17} In a decision rendered on December 4, 2001, the magistrate denied appellant's motion for relief from judgment, holding that appellant failed to demonstrate entitlement to relief. No objections were filed to the magistrate's decision. On January 14, 2002, the trial court approved and adopted the December 4, 2001 decision of the magistrate. Appellant appeals, assigning the following three assignments of error:

{¶ 18} "First Assignment of Error:

{¶ 19} "The trial court abused its discretion in holding that the named defendant is not entitled to relief from judgment for failure to demonstrate excusable neglect where the uncontroverted evidence demonstrated that the summons and complaint served on appellant were lost in the mailroom and never made it to the attention of any individual with the capacity to respond on behalf of the appropriate company.

{¶ 20} "Second Assignment of Error:

{¶ 21} "The trial court erred as a matter of law in holding that a company answering on behalf of the named defendant could not demonstrate that 'Zurich US' is not a legal entity where a party moving for relief from judgment need only allege a meritorious defense, not prove it will prevail on the defense, and where the trial court did not consider vacating the judgment as void.

{¶ 22} "Third Assignment of Error:

{¶ 23} "The trial court decision is void to the extent that the court lacked subject matter jurisdiction over appellee's bad faith and punitive damages claims."

{¶ 24} Appellant's first and second assignments of error are interrelated and, as such, will be addressed together. In its first and second assignments of error, appellant contends that the trial court erred in holding that appellant was not entitled to relief pursuant to Civ.R. 60(B). Specifically, in its first assignment of error, appellant argues that it properly demonstrated excusable neglect in that the appropriate person at Zurich American did not receive notice of the summons and complaint. Additionally, in the second assignment of error, appellant alleges that it properly alleged a meritorious defense by asserting that "Zurich US" is merely a trade name and not an entity.

{¶ 25} Without reaching the merits of appellant's first and second assignments of error, we note that although appellee has not argued that appellant has waived its right to appeal, appellant failed to file objections to the magistrate's December 4, 2001 decision denying its Civ.R. 60(B) motion. Objections to

a magistrate's decision must be filed within 14 days of the filing of the decision of the magistrate. Civ.R. 53(E)(3)(a). If a party fails to file written objections, the trial court may adopt the decision of the magistrate, unless the trial court determines that there is an error of law or other defect on the face of the magistrate's decision. Civ.R. 53(E)(4).

{¶ 26} Here, the magistrate rendered the decision on December 4, 2001. Appellant had until December 18, 2001, to file objections to the magistrate's decision. However, appellant failed to do so. The trial court approved and adopted the magistrate's decision on January 14, 2002. A party who does not file written objections to a magistrate's decision may not raise on appeal issues on the merits that might have been the basis of the objections. *Clendenen v. Fannin Realty, Inc.*, Franklin App. No. 01AP–1295, 2002-Ohio-4548, at ¶ 17, 2002 WL 2025117; *McBroom v. Bob–Boyd Lincoln Mercury, Inc.* (Oct. 22, 1998), Franklin App. No. 98AP–229, 1998 WL 734702. See, also, Civ.R. 53(E)(3)(b) ("A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule"); *Metcalf v. Winnen* (1985), 21 Ohio App.3d 174, 21 OBR 185, 487 N.E.2d 351, paragraph one of the syllabus (where the defendants and their attorney fail to attend a hearing before a referee, and then fail to file objections to the referee's report which is subsequently adopted by the trial court, they are precluded from raising issues on the merits of the case on appeal).

{¶ 27} This court, in construing Civ.R. 53, has "held that the failure to file objections to the magistrate's decision under Civ.R. 53(E)(3)(b) constitutes the waiver of the right to appellate review 'of all but plain error.'" *In re Montgomery* (Oct. 28, 1999), Franklin App. No. 99–749, 1999 WL 1126441, quoting *Federal Prop. Mgt. v. Brown* (June 25, 1999), Montgomery App. No. 17424, 1999 WL 961275. In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself. *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus.

{¶ 28} Civ.R. 53(E)(3)(b) provides appellant with the mechanism to raise its Civ.R. 60(B) merit issues before the trial court. Appellant failed to utilize this method by not filing objections to the magistrate's decision. "As *Goldfuss* makes clear, plain error is to be used very sparingly and would not be warranted in the absence of circumstances raising something more than a mere failure to object." *R.G. Real Estate Holding, Inc. v. Wagner* (Apr. 24, 1998), Montgomery App. No. 16737, 1998 WL 199628. This case does not present any exceptional circumstances where the trial court's adoption of the magistrate's decision affects "the basic fairness, integrity, or public reputation of the judicial process." Id. While

we recognize that appellant can move to have the default judgment set aside under Civ.R. 60(B)(1) and (5) after the time for appeal has run pursuant to the requirements set forth in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, we do not reach the merits of appellant's first and second assignments of error due to its failure to comply with Civ.R. 53(E)(3)(b). Therefore, the trial court did not err in approving and adopting the decision of the magistrate. Appellant's first and second assignments of error are not well taken and are overruled.

{¶ 29} In its third assignment of error, appellant contends that the trial court lacked subject matter jurisdiction over appellee's causes of action for bad faith and punitive damages pursuant to the provisions of the Employee Retirement Income Security Act ("ERISA"). Appellant contends that " '[t]here is no dispute that the plan at issue in this dispute is an ERISA plan governed by 29 U.S.C. § 1001.' " (Appellant's brief, 10.)

{¶ 30} ERISA, Section 1001 et seq., Title 29, U.S.Code, is a comprehensive statutory scheme to regulate pension and retirement benefits. *Shaw v. Delta Air Lines, Inc.* (1983), 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490. "The policy behind Congress' enactment of ERISA's comprehensive and uniform regulation of employee benefit plans was to prevent employer abuse in the denial of benefits under the plans, and to guarantee the safety and well-being of all employee beneficiaries of private retirement and welfare benefit plans. Section 1001, Title 29, U.S.Code." *Eichner v. Celtic Life Ins. Co.* (1991), 73 Ohio App.3d 281, 282, 596 N.E.2d 1124.

{¶ 31} ERISA broadly preempts state law relating to employee benefit plans. *Richland Hosp., Inc. v. Ralyon* (1987), 33 Ohio St.3d 87, 91, 516 N.E.2d 1236. While federal courts have exclusive jurisdiction over ERISA claims for breach of fiduciary duty, state courts have concurrent jurisdiction with federal courts over ERISA claims to recover benefits due under the terms of the employee benefit plan, to enforce rights under the plan, and to clarify rights to future benefits under the terms of the plan. Id. at 92, 516 N.E.2d 1236. Thus, as long as state courts apply federal law, they may award benefits due under ERISA plans.

{¶ 32} In this case, the affirmative defense of the ERISA preemption issue raised by appellant is not jurisdictional in nature but a matter of choice of law. *Pilot Life Ins. Co. v. Dedeaux* (1987), 481 U.S. 41, 56, 107 S.Ct. 1549, 95 L.Ed.2d 39 ("all suits brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans be treated as federal questions governed by § 502[a]"). Therefore, the issue must be raised in a timely manner (prior to trial), or it is waived for purposes of review.

{¶ 33}   We observe that appellant failed to set forth the ERISA preemption argument in a timely manner.   While appellant raised the issue in its Civ.R. 60(B) motion, appellant failed to preserve the issue.   Issues not presented for consideration before the trial court will not be entertained by this court.   See *State ex rel. Woltz v. Columbus* (Oct. 10, 1991), Franklin App. No. 91AP–576, 1991 WL 224160 (failure to plead an affirmative defense when the defense has not been incorporated into the pleadings before final resolution of the lawsuit constitutes a waiver of the defense); Civ.R. 8(C) (in pleading to a preceding pleading, a party shall set forth affirmatively any matter constituting an affirmative defense).   Therefore, appellant's third assignment of error lacks merit and is overruled.

{¶ 34}   Based on the foregoing, appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

BROWN and HARSHA, JJ., concur.

WILLIAM H. HARSHA III, J., of the Fourth Appellate District, sitting by assignment.