OPINION
{¶ 1} This cause arises from the Mahoning County Court of Common Pleas, Probate Division. Appellant, Matt Jaric, is the widower of Anna Jaric AKA Anne Jaric and is the executor of her estate. This is the second time that this case has been before this Court on appeal. See,In re the Estate of Jaric, 7th Dist No. 00 CA 243, 2002-Ohio-5016.
 {¶ 2} This Court's prior decision reveals the following. Before Anna passed away, she was in the hospital and a care facility as a result of illness. Anna and Matt enlisted their son Robert Jaric to help them with their financial matters. In furtherance of this end, Anna executed a power of attorney ("POA") granting Robert access to Anna and Matt's joint and survivorship savings account and CD account that had a right of survivorship. Using the POA, Robert withdrew substantial amounts of money and ultimately closed both accounts before Anna died. Robert evidently never returned this money to his father. Id. at ¶ 2-4.
 {¶ 3} As a result, Matt filed a complaint in the probate court against Robert for the concealment of assets under R.C. § 2109.50. Matt and Robert were coexecutors of Anna's estate at the time. The court later determined that Robert's removal of funds from these accounts was pursuant to a valid power of attorney; that the funds were not concealed from the estate; and that Matt's cause of action against Robert should have been against him personally and not in his capacity as coexecutor of the estate. Thus, the probate court held that it lacked subject matter jurisdiction over the bank accounts. Id. at ¶ 7.
 {¶ 4} On appeal, this Court agreed with the probate court and held that since joint and survivorship accounts are generally non-probate assets, the probate division lacked jurisdiction to consider the accounts in this case. Id. at ¶ 20. This is because the opening of a joint and survivorship account is usually conclusive evidence that the decedent intended to directly transfer the survivorship interest upon her death. Id. at ¶ 17. Accordingly, the money that Appellant sought was a non-probate asset since it would not have passed through probate upon Anna's death. Id. at ¶ 18. Matt appealed this Court's decision to the Ohio Supreme Court, but it declined to consider his appeal. In reJaric, 98 Ohio St.3d 1461, 2003-Ohio-644, 783 N.E.2d 520.
 {¶ 5} Thereafter, Matt filed a Request for Accounting seeking the probate court to order Robert to account for, "the monies referred to and deposited in a bank in Atlanta, Georgia, and banked with Anna Jaric as the principal." (February 27, 2004, Request for Accounting.)
 {¶ 6} On May 19, 2004, Matt also filed a Supplement to Exceptions to Partial Inventory, which was evidently designed to supplement his prior Exceptions to Partial Inventory filed April 27, 2000. Matt alleged in his supplement that Robert had withdrawn funds from Anna's bank accounts pursuant to a power of attorney in 1996 and that none of the money had been accounted for. Matt argued that an accounting was necessary to determine what amount remained for the estate. Matt also alleged that Robert acted in a manner that was contrary to law when he closed Anna's Ohio accounts and transferred the funds to Atlanta.
 {¶ 7} The motions were referred to a court magistrate. Following a May 20, 2004, hearing, the magistrate concluded that the substance of both of Matt's motions, his Supplement to Exceptions to Partial Inventory and his Request for Accounting, had previously been addressed and completely adjudicated. The magistrate held,
 {¶ 8} "Matt * * * [was] in essence, raising all the issues that had previously been tried in the concealment action in this case, which were resolved by the Court's Judgment Entry of October 13, 2000 and affirmed on appeal by the Court of Appeals. His attempt to resurrect these issues through his Supplement to Exceptions cannot be accepted based on the doctrine of res judicata." (Emphasis in original.) (May 21, 2004, Magistrate's Decision Upon Hearing on Accounting.)
 {¶ 9} On May 26, 2004, the Mahoning County Court of Common Pleas, Probate Division, adopted the magistrate's decision. Thereafter, Matt evidently passed away on June 1, 2004.
 {¶ 10} On June 11, 2004, Matt's counsel filed objections to the Magistrate's May 21, 2004, decision. First, he asserted that res judicata was inapplicable because the accounts in question were joint savings accounts and not joint and survivorship accounts. Second, he argued that any prior litigation did not act as a bar to Matt personally because he was previously acting in his capacity as executor. Third, he argued that the probate court erred in failing to conduct the mandatory hearings on the exceptions to the inventory and fiduciary account. Fourth, he claimed that the trial court erred in failing to require Robert to deposit Anna's estate funds in the State of Ohio pursuant to R.C. § 2109.41. Finally, he argued that Robert's power of attorney did not grant him the authority to close Anna's accounts and deposit the funds in another state.
 {¶ 11} In response, Robert filed a motion to strike Matt's objections arguing that the objections were not timely. Civ. R. 53(E)(3)(a). The trial court agreed and sustained Robert's motion to strike the objections. The trial court also concluded that the merits of Appellant's objections had been previously and finally resolved by this Court's decision in In re Jaric, supra. (June 24, 2004, Judgment Entry and Orders Upon Magistrate's Decision.)
 {¶ 12} Appellant timely appealed to this Court from the trial court's May 26, 2004, decision to adopt the magistrate's decision and its June 24, 2004, decision overruling objections to the magistrate's decision. This Court allowed Appellant to submit an amended brief on appeal noting that we would not consider his original brief. (Dec. 7, 2004, Journal Entry.) In the meantime, the probate court's file was somehow misplaced, and it was just recently reproduced.
 {¶ 13} Appellant asserts five assignments of error in his amended brief. Appellee filed an untimely response with this Court, however, we accepted this brief because of the loss and recent reproduction of the probate court file. For the following reasons, this Court must overrule Appellant's assignments of error.
 {¶ 14} Appellant's first assignment of error has two parts, which assert:
 {¶ 15} "(A) THE PROBATE COURT WAS IN ERROR IN REFUSING TO CONSIDER THE JURISDICTIONAL ISSUE OF OWNERSHIP OF FUNDS IN AN ACTION OF EXCEPTION TO AN INVENTORY BY DECLARING THE ISSUE TO BE RES JUDICATA.
 {¶ 16} "(B) MANY OF THE MATTERS IN THE JURISDICTION ISSUE APPLY TO THE ERROR HEREIN"
 {¶ 17} Appellant's assignments of error two through five assert:
 {¶ 18} "THE LOWER COURT COMMITTED ERROR WHEN IT STATED THAT IT DID NOT HAVE SUBJECT MATTER JURISDICTION TO HEAR AND DETERMINE THIS MATTER DEALING WITH JOINT AND SURVIVORSHIOP, [sic] AND JOINT ACCOUNTS, AND OTHER ISSUES ARISING IN AN EXCEPTION TO A FILED INVENTORY.
 {¶ 19} "IT WAS PREJUDICIAL ERROR TO NOT CONSIDER THE WITHDRAWAL OF ALL THE SUBJECT OHIO FUNDS AND IMPROPER DEPOSIT OF ALL FUNDS IN QUESTION IN ANOTHER STATE, WHERE SUCH TRANSFER CONTRAVENED STATUTORY LAW, AND THE POWER OF ATTORNEY ON ITS FACE LACKED SUCH AUTHORITY TO DO SO, AND WHICH IN THIS ACTION REQUIRED THE COURT TO DO SO.
 {¶ 20} "IT WAS PREJUDICIAL ERROR, IN THE COURT'S FAILURE, TO ADOPT UNDER THE EVIDENCE AND LAW, THE APPROPRIATE, TIMELY FILINGS OF THE SPOUSE'S ELECTION TO TAKE AGAINST THE WILL, AND TO REFUSE AND OVERRULE THE TIMELY ANSWERS AND OBJECTIONS FILED BY APPELLANT TO FINDINGS, ORDERS, AND JUDGMENTS OF THE LOWER COURT REGARDING SAID ELECTIONS AND EXCEPTIONS TO THE INVENTORY, AND AS WELL AS THE TIMELY FILINGS OF APELLANT'S PLEADINGS CONCERNING OTHER RELATED SUBJECTS.
 {¶ 21} "A JOINT AND SURVIVORSHIP OR JOINT BANK ACCOUNT IS AN INTER VIVOS CONTRACT CREATING A PRESENT AND EQUAL JOINT VESTED INTEREST IN THE PARTIES AND THAT EITHER PARTY MAY WITHDRAW FUNDS, BUT IS NOT CONCLUSIVE AS TO OWNERSHIP, AND THE FAILURE OF THE COURT TO EXAMINE THE PRESUMPTION OF AT LEAST THE ONE-HALF PRESUMPTION OF OWNERSHIP REGARDING DECEDENT'S ESTATE ASSETS IS TOTALLY IN ERROR."
 {¶ 22} A review of Appellant's arguments on appeal reveals that they all relate to and arise from the May 20, 2004, magistrate's hearing and the May 21, 2004 magistrate's decision. As such, this Court must address the timeliness of Appellant's objections to the magistrate's decision before considering the merits of his assignments of error.
 {¶ 23} Civ. R. 53(E)(3) governs a party's objections to a decision in a matter referred to a magistrate. It states in pertinent part:
 {¶ 24} "(a) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to Civ. R. 53(E)(4)(c). * * * If a party makes a request for findings of fact and conclusions of law under Civ. R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.
 {¶ 25} "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection.
 {¶ 26} "* * *
 {¶ 27} "(d) Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 28} The magistrate's decision at issue in this case was filed on May 21, 2004. Twenty days lapsed before Appellant filed his June 11, 2004, objections. It is clear from the record that the objections were filed beyond the 14 day period following the magistrate's decision. Accordingly, the trial court did not err in deciding the objections were untimely pursuant to Civ. R. 53(E)(3)(a). As such, the objections are also waived for purposes of appeal since Appellant did not timely file his objections to the magistrate's decision. Civ. R. 53(E)(3)(d).
 {¶ 29} It must also be stressed that Appellant was required to file his objections 14 days after the magistrate's decision was entered. The date of the trial court's entry adopting the decision is irrelevant in determining whether the objections were timely. Civ. R. 53(E)(3)(a).
 {¶ 30} Although a review of the trial court's record reveals that a copy of the magistrate's decision was mailed to Appellant's counsel on May 26, 2004, it has been repeatedly held that the mail rule does not apply to the time for filing objections to a magistrate's decision. The event that triggers the period for filing objections is not the service of the decision as provided in Civ. R. 6(E), but the "filing" of the magistrate's decision. Thus, the three-day mail rule does not extend the time for filing objections to a magistrate's decision. Duganitz v. OhioAdult Parole Auth. (2001), 92 Ohio St.3d 556, 557, 751 N.E.2d 1058;Pulfer v. Pulfer (1996), 110 Ohio App.3d 90, 92, 673 N.E.2d 656;Knapp v. Knapp, 4th Dist. No. 05CA2, 2005-Ohio-7105.
 {¶ 31} Notwithstanding, it has been held that when a party fails to file objections to a magistrate's decision, an appellate court may still review the decision for plain error. Brown v. Zurich,150 Ohio App.3d 105, 110, 2002-Ohio-6099, 779 N.E.2d 822; O'Connor v. Trans WorldServices, Inc., 10th Dist. No. 05AP-560, 2006Ohio-2747, at ¶ 11.
 {¶ 32} "The plain error doctrine is not favored in civil proceedings and `may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" Id. citingGoldfuss v. Davidson (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus.
 {¶ 33} A review of Appellant's arguments on appeal and the circumstances in this case do not raise the exceptional case calling for a plain error review. The magistrate determined and the trial court agreed that the issues raised in Appellant's motions were barred by the doctrine of res judicata. The underlying issues had already been addressed by the probate court, this Court, and the Ohio Supreme Court declined to review the same.
 {¶ 34} Although Appellant fashioned his requests differently, i.e., as a request for an accounting and a supplement to exceptions to the partial inventory, the substance of his requests is identical to those found in his prior complaint for concealment of assets. All three sought to secure alleged estate funds that were procured by Robert Jaric pursuant to a power of attorney. Thus, Appellant's latest requests arose, "out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. Accordingly, the probate court did not commit plain error in this case.
 {¶ 35} In addition, a review of Appellant's arguments on appeal reveals that they are, in fact, barred by res judicata.
 {¶ 36} The doctrine of res judicata provides that a, "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. A transaction for res judicata purposes is a, "common nucleus of operative facts." Id. at 382, 653 N.E.2d 226, quoting 1 Restatement of the Law 2d, Judgments (1982) 198-199, Section 24, Comment b.
 {¶ 37} A review of Appellant's request for an accounting and supplement to exceptions to the partial inventory reveal that he was asking the court for an order requiring Robert to account for assets Robert withdrew using a power of attorney from certain bank accounts in 1996. In fact, a photocopied cashier's check, attached to Appellant's Supplement to Exceptions to Partial Inventory A, reflects a withdrawal in the amount of $34,894.47 payable to Nations Bank FBO Ann Jaric. This is the identical amount in issue in this Court's prior decision. However, this Court's prior decision evidently transposed the 47 to 74 when referring to 47 cents. Estate of Jaric, supra, at ¶ 4.
 {¶ 38} In addition, the following exchange was had between the magistrate and Appellant's counsel at the May 20, 2004, magistrate's hearing:
 {¶ 39} "THE COURT: My question is are those the funds reflected in this supplement to exceptions to partial inventory, the funds specifically being listed here are the checks in the sum of $34,894.47 and the other in the amount of 22,000, were those also the subject matter of the concealment action?
 {¶ 40} "[COUNSEL]: The account was, * * * the moneys weren't specific in the finalization. * * * We are here about an account that was in effect but by reason of a power of attorney was taken out by his son, Mr. Jaric.
 {¶ 41} "THE COURT: Were these joint and survivorship accounts, sir?
 {¶ 42} "[COUNSEL]: They were OR accounts.
 {¶ 43} "THE COURT: What is an OR account?
 {¶ 44} "[COUNSEL]: An OR account, probably a joint survivorship but the distinction is this, the money was taken out of those accounts in December of 1996 by virtue of a power of attorney that his son obtained from his late mother. That being the case we were placed in a position then that he took the money through that power of attorney and had it forwarded down to Atlanta, Georgia in the Nations Bank so that at the time of her death there were no, there wasn't any accounts open. * * *-11
 {¶ 45} "So this action is different in that we want to know what was in her name down there in Georgia at the time of her death because when the moneys were sent here and there is proof to this, they were sent in care of the son, Mr. Robert Jaric. * * *
 {¶ 46} "THE COURT: * * * Are these the same funds that were the subject matter of the concealment action?
 {¶ 47} "[COUNSEL]: The[y] would have been the same funds but at the time of the concealment they no longer were a joint and survivorship. There wasn't any accounts in existence because they were closed out in '97." (Tr., pp. 5-7.)
 {¶ 48} Appellant's counsel was attempting to distinguish the prior case by arguing that it involved these funds while they were in the joint and survivorship accounts. However, since these funds were no longer in said accounts, he felt that the estate was entitled to an accounting and the court had jurisdiction over the money. This argument, however, lacks merit since Appellant litigated this identical issue in his concealment action against Robert.
 {¶ 49} Further, this Court specifically rejected this argument stating, "[i]f Robert's action of removing money from Anna's and Matt's joint and survivorship account was invalid under the power of attorney, the money removed would revert to its original placement, Anna's and Matt's joint and survivorship account." Id. at ¶ 20. Since the joint and survivorship accounts are non-probate assets, we stated that, "[a]ny cause of action concerning these joint and survivorship accounts lies individually with Matt against Robert in the Common Pleas Court." Id.
 {¶ 50} Since this Court's prior decision, however, Appellant has evidently failed to pursue this matter in the common pleas court, and it now appears that his time to do so has likely passed. The fact that Matt apparently had a presumption of ownership of the joint and survivorship funds during his lifetime does not alter the fact that the probate court lacked jurisdiction over these funds.
 {¶ 51} Appellant's counsel continues to argue that pursuant toWright v. Bloom (1994), 69 Ohio St.3d 596, 635 N.E.2d 31, and its progeny that this case presents an exception to the usual rules of joint and survivorship accounts as they pertain to probate jurisdiction. However, as we fully explained in our first Opinion regarding this matter, Appellant does not, in fact, present the Court with such an exception. The exception exists when the creator of the joint and survivorship account has a fiduciary relationship (a POA) with the surviving beneficiary. While Robert may have had such an account with his mother (and there is no direct evidence in the record this is the case) the subject account in this matter is that created by Anna and Matt. The mere fact that Robert had Anna's POA does not give rise to the exception, as he owed no fiduciary duty to Matt, only to Anna. Thus, the cases Appellant's counsel repeatedly raises are inapplicable to the situation before us.
 {¶ 52} Accordingly, Appellant's assignments of error are overruled. Appellant's objections to the magistrate's decision were untimely and thus waived, and there was no plain error. Further, Appellant's counsel fails to appreciate that this Court's hands are tied by our prior decision concerning these same funds. Appellant was advised by this Court to proceed in the court of common pleas, but has obviously not heeded our guidance.
 {¶ 53} Accordingly, Appellant's assignments of error are overruled and the trial court's decision is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.