OPINION
{¶ 1} Appellant, Melissa M. Taylor-Diffenbacher ("Melissa"), appeals from the judgment entry of divorce made by the Lake County Court of Common Pleas, Division of Domestic Relations, on or about April 21, 2005. We affirm.
 {¶ 2} Melissa and appellee, David Paul Diffenbacher ("David") were married April 6, 1998. Melissa was thirty-one at the time, David, forty-seven. The marriage was Melissa's first, David's third. David was married to Sandra Briniger from 1974 until 1978, with whom he had a son, Michael. From 1981 to 1993, he was married to Connie O'Toole. No children were born as a result of that marriage.
 {¶ 3} Both Melissa and David were employed by the United States Postal Service at the time of their marriage. They resided at 37600 Milann Drive, Willoughby Hills, Ohio throughout the marriage. David had purchased the house in 1993 for $145,000.00.
 {¶ 4} Melissa and David's only child, Celestina, was born April 11, 1999, some twelve months following their marriage. Melissa had a difficult pregnancy, requiring substantial bed rest. She did not return to work until June, 2000.
 {¶ 5} From about the time of the pregnancy, Melissa and David's marriage seems to have deteriorated rapidly. At the trial of this matter, each party alleged numerous acts of domestic violence against the other. Photographs of the marital residence introduced at trial depicted a shambles, which each party blamed on the other.
 {¶ 6} David accused Melissa of wild spending, extreme mental and emotional instability, and threats of, or attempts at, suicide. Melissa admitted to attempting suicide in 1994, before she knew David, and to two threats of suicide during their marriage. Melissa admitted to suffering from depression, which she largely blamed on David. At the time of trial, she was taking medication, and had been treating with a Dr. Steinberg since 2001. Melissa was twice briefly admitted to psychiatric units during the marriage. Six times during the marriage, Melissa left the marital home to stay briefly at various safe houses for women. David denied that his conduct was responsible for this.
 {¶ 7} September 26, 2002, David filed a complaint for divorce due to incompatibility. He also moved, ex parte, to be named temporary residential parent and legal custodian of Celestina, as well as for an order requiring Melissa to vacate the marital home. These motions were granted September 27, 2002. Melissa was granted parenting time in compliance with Lake County Local Rule 31. A guardian ad litem was appointed for Celestina. The case was assigned by the trial court to a magistrate.
 {¶ 8} Melissa first moved in with her mother and sister, Elaine and Terese Taylor, in Cleveland, then obtained an apartment on South Taylor Road, in Cleveland Heights. David remained in the marital residence with Celestina. There, he was soon joined by his former second wife, Connie O'Toole, and her four adopted children. Evidence at trial indicated that the living arrangements of the parties, following their separation, improved dramatically. The residence at 37600 Milann Drive is now clean and well-kept, and Celestina gets along well with her father, Ms. O'Toole, and Ms. O'Toole's children. Melissa's mother and sister also provide excellent care for Celestina at their house on East 140th Street, in Cleveland. Melissa's own apartment in Cleveland Heights is also clean and well-furnished. Celestina is happy and affectionate with her mother, aunt, and grandmother.
 {¶ 9} Unfortunately, separation did not improve relations between Melissa and David. During the pendency of the divorce proceedings, each accused the other of telephone harassment. Melissa has accused David of abusing Celestina sexually and otherwise. There is virtually no communication between the parties. They do not cooperate regarding parenting time for Celestina, and are so hostile, that exchanges of the child must occur at police stations.
 {¶ 10} Various hearings were held before the magistrate; and a four day trial occurred in the summer and fall of 2004. January 25, 2005, the magistrate filed a detailed, painstaking, and thoughtful decision. He determined that David should remain the residential parent and legal custodian for Celestina, with substantial parenting time for Melissa. He further determined that the marital residence remained David's separate property.
 {¶ 11} Neither Melissa nor David filed objections to the magistrate's decision. February 15, 2005, the trial court adopted that decision. April 21, 2005, it filed its judgment entry of divorce.[1] Melissa timely noticed her appeal, pro se, May 17, 2005, making six assignments of error:
 {¶ 12} [1.] "The trial court abused its discretion a decision as made for custody without considering all of the factors involved in the case * * *" or, alternatively,
 {¶ 13} [1.] "The trial courts abused their discretion when they made a decision for custody without considering all the factors in the case.
 {¶ 14} [2.] "The trial court erred when they didn't take into consideration the minor child relationship between the other blood relation and grandparent, which was already established. These are highly important and highly significant and do affect the best interest of the child * * *" or alternatively,
 {¶ 15} [2.] "The trial courts erred when they didn't take into consideration the fact the minor child relationship that was already established with other blood relatives, siblings and grandparents. These relationships are extremely important and highly beneficial [sic] in the minor child life and do affect the child's best interest.
 {¶ 16} [3.] "The trial court erred when it faild [sic] to take into consideration the mental health of all parties involved in the matter * * *" or, alternatively,
 {¶ 17} [3.] "The trial courts erred when they failed to take into consideration the mental and physical stability of all
parties involved in the matter.
 {¶ 18} [4.] "The trial court abused their discretion when they denied the appellant her right's [sic] to ½ of he [sic] arital [sic] home * * *" or alternatively,
 {¶ 19} [4.] "The trial courts abused their discretion when they failed to take into consideration the apealant's [sic] rights to marital property.
 {¶ 20} [5.] "The trial courts erred when they failed to take into consideration Ohio Revised Code Section 2915.25(A) [.] This discusses the effects of domestic violence. The court choose [sic] to ignore the effects upon the appellant and the fact that the appellee admitted the abuse during the trial * * *" or, alternatively,
 {¶ 21} [5.] "The trial courts erred when they failed to take into consideration Revised Code 2919.25(A). this discusses the definitions of domestic abuse. Which the court clearly ignored and refused to take into effect upon the appeallant [sic], or the fact that the appellee admitted this during court.
 {¶ 22} [6.] "The trial courts erred when they gave temporary [sic] custody of the minor child to the appellee through an ex parte. There was no clear cut convincing evidence to show that the appellant was a threat to the household or anyone else especially the child * * *" or, alternatively,
 {¶ 23} [6.] "The trial courts erred and abused their iscretion [sic] when they gave temporary [sic] custody of the minor child to the appellee and evicted the mother from the marital residence. When there was no clear convincing evidence that the mother was a threat to the child or any person in the household."[2]
 {¶ 24} We note at the outset that the limits of our review of this case are circumscribed. Civ.R. 53(E)(3)(d) provides, in pertinent part: "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." As neither Melissa nor David objected to the magistrate's decision herein, we may only review the trial court's decision for "plain error." Brown v. Zurich US,150 Ohio App. 3d 105, 2002-Ohio-6099, at ¶ 27. The appropriate standard was stated by the Ohio Supreme Court in Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, at the syllabus:
 {¶ 25} "[i]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."
 {¶ 26} With that caution in mind, we will consider Melissa's assignments of error in order.
 {¶ 27} By the first, she alleges that the trial court failed to consider certain relevant statutory factors in assigning custody of Celestina to David. Melissa cites variously to R.C. "3901.04(c)" and R.C. "3401.04(c)" for the proposition that custody decisions are to be based on the future interests of the child, not the present. She contends that David's living arrangement — with Ms. O'Toole and her children — and lifestyle are unhealthy for Celestina.
 {¶ 28} There is no R.C. Title 34, and R.C. Title 39 refers to insurance. R.C. 3109.04(F)(1) sets forth a non-exclusive list of factors the trial court should consider in allocating parental rights and responsibilities; R.C. 3109.04(F)(2) sets forth a non-exclusive list of factors to be considered in determining if shared parenting is appropriate. The factors to be considered concern the past, present, and future, and are principally factual in nature. The discussion of these matters by the magistrate in his decision is extensive. There is no plain error. Due to the failure of either Melissa or David to object to the magistrate's decision, we cannot delve further into this assignment of error, which is without merit.
 {¶ 29} By her second assignment of error, Melissa claims that the trial court failed to consider Celestina's interactions and relations with herself, her sister Terese, and her mother Elaine, in determining custody, as required by R.C. 3109.04(F)(1)(c). This is untrue. There is an extensive and, we may add, compassionate discussion of these relations in the magistrate's decision. There is no plain error touching his consideration of these issues. The second assignment of error is without merit.
 {¶ 30} By her third assignment of error, Melissa alleges that the trial court failed to take into consideration the mental and physical health of David and Ms. O'Toole in determining custody of Celestina, as required by R.C. 3109.04(F)(1)(c). Once again, this assignment of error goes to a fact-based determination by the trial court. In the absence of objections to the magistrate's decision, or any transcript or affidavit of the proceedings, as required by Civ.R. 53(E)(3)(c), we cannot review this matter, absent plain error. None is present in the magistrate's decision, which contains lengthy descriptions of the various adults impacting Celestina's life. The third assignment of error is without merit.
 {¶ 31} By her fourth assignment of error, Melissa attack's the trial court's decision that the marital home at 37600 Milann Drive, Willoughby Hills (and its attendant debt), remained the separate property of David. This is based largely on a purported deed, evidently written up several months following the couple's marriage by Melissa's attorney of the time, and signed by David, more or less granting to her his entire interest in the property. This deed was not filed with the Lake County Recorder until after institution of the divorce proceedings; and it was David's testimony that the deed formed part of an estate plan, to transfer his property to Melissa at his death. Melissa also relies upon the provisions of R.C. 3105.171(A)(3)(a)(iii), describing how separate, premarital property can be transformed (in part), into marital property by the "labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage * * *"[.]
 {¶ 32} The magistrate's decision contains a lengthy and detailed discussion of the deed, the facts surrounding its creation, the law of inter vivos gifts, and the law concerning division of property in divorce proceedings. R.C.3105.171(A)(3)(a)(iii) only applies to the income and appreciation on separate property. Regarding the house at 37600 Milann Drive, the magistrate determined that any appreciation in its value was passive, thus placing it squarely outside the provisions of R.C. 3105.171(A)(3)(a)(iii). R.C.3105.171(A)(6)(a)(iii). No plain error attends either the factual of legal conclusions made by the magistrate respecting the house. The fourth assignment of error is without merit.
 {¶ 33} By her fifth assignment of error, Melissa contends that the trial court failed to consider evidence introduced at trial concerning David's alleged abuse of her, and the effects of that alleged abuse on herself and Celestina. This is untrue. In his decision, the magistrate noted that each party alleged that the other was guilty of repeated domestic violence toward the other, without any corroborating evidence. The magistrate specifically declined to make any finding on this issue. No plain error exists in this regard. The fifth assignment of error is without merit.
 {¶ 34} By her sixth assignment of error, Melissa contends that the trial court's award of temporary custody of Celestina to David, and eviction of her from the marital home, via ex parte orders, violated R.C. 3113.31(D) or (d) (6)(1). No such code section exists. We presume that Melissa refers to R.C.3113.31(E)(6)(a)(i), since her argument is that these orders required a finding that she was a danger to Celestina. If we are correct in our presumption, then, once again, no plain error exists. R.C. 3113.31(E)(6)(a)(i) allows the trial court to make such a finding when a protective order or consent agreement concerning domestic violence has been entered, and the trial court wishes to have parenting time supervised by the appropriate public children services agency. Nothing in the record indicates that this occurred. The sixth assignment of error is without merit.
 {¶ 35} This Court wishes to note its appreciation of the hard work put into this case by the trial court, the magistrate, and the guardian ad litem. It seems from the record before us that quite extraordinary care and effort was put into attempting to resolve this matter fairly.
 {¶ 36} The decision of the Lake County Court of Common Pleas, Division of Domestic Relations, is affirmed.
O'Neill, J., concurs, Ford, P.J., concurs in judgment only with Concurring Opinion.
[1] We note that Melissa had five separate attorneys or groups of attorneys during the divorce proceedings.
[2] The assignments of error differ slightly in language, between those set forth in the table of contents of Melissa's brief, and those in the body of the text. In this opinion, the first is always that from the table of contents; the alternate is always that from the body of the brief.