OPINION
{¶ 1} Alan D. Nitschke ("Alan") appeals from the judgment entry of the Lake County Court of Common Pleas, Division of Domestic Relations, adopting the decision of the magistrate, in divorce proceedings instituted by Linda S. Nitschke ("Linda"). We affirm. *Page 2 
 {¶ 2} Alan and Linda were married August 1, 1980.[1] There are two children as issue of the marriage, both emancipated at the time of divorce. The couple separated on or about July 27, 2002. An initial divorce proceeding was filed on or about September 30, 2002. October 23, 2002, a joint motion for stay, for purposes of reconciliation, was filed in that action. The stay was granted; and, on or about January 27, 2003, the case was dismissed at Linda's behest. Despite the apparent reconciliation, Alan and Linda seem to have continued living apart.
 {¶ 3} August 18, 2005, Linda initiated this proceeding by filing a complaint for divorce. September 15, 2005, Alan answered and counterclaimed. The matter was referred to the magistrate. Following hearing, the magistrate filed a decision October 18, 2005, striking the complaint, but ordering the case to continue on Alan's counterclaim. November 8, 2005, the trial court adopted the magistrate's decision, and scheduled trial for January 4 and 5, 2006, with appropriate discovery cutoff dates.
 {¶ 4} Trial could not go forward January 4, 2006, as Alan had been hospitalized the night before. By a decision filed January 11, 2006, the magistrate vacated his prior order that the complaint be struck; ordered that the case continue on both the complaint and counterclaim, and that it be rescheduled for trial. The trial court adopted this decision by a judgment entry filed January 17, 2006.
 {¶ 5} The matter came on again for trial March 7, 2006. Alan moved the court, orally, for continuance, due to the fact he was scheduled for neck surgery March 10, 2006, and was taking prescription medications for various ailments. As neither party had provided income or asset affidavits as required by local rule, the magistrate *Page 3 
instructed the parties to use the time scheduled for trial to negotiate. At the end of the afternoon, the magistrate entered various stipulations reached by the parties on the record. The magistrate questioned Alan regarding his assent, due to the medication he was taking, and found that Alan had entered the stipulations knowingly and voluntarily. The magistrate incorporated all of the foregoing in a decision filed March 13, 2006. Trial was rescheduled for May 9, 2006.
 {¶ 6} Trial could not go forward May 9, Alan's counsel being out of town due to a sudden family emergency. The magistrate rescheduled trial for May 23, 2006, first ascertaining that this date was acceptable to both parties. He further ordered that updated affidavits of the parties' incomes, assets, and expenses be prepared for filing at trial.
 {¶ 7} May 22, 2006, Alan filed a "notice of withdrawal" concerning the stipulations entered by the parties in March 2006. Particularly, he wished to establish July 27, 2002 — the date he and Linda separated — as the de facto termination date of the marriage, and to set new values for his 401(K) plan and IRA.
 {¶ 8} Trial went forward May 23, 2006. The magistrate struck an updated income affidavit for Alan, filed by his counsel after the time scheduled for trial to commence, no copy of which was available for Linda's counsel. Contrary to prior order, Linda also failed to provide any new affidavit regarding income, assets, or expenses.
 {¶ 9} Alan's "notice of withdrawal" regarding the March 2006 stipulations was treated as a motion in limine, and the magistrate accepted arguments. Alan urged that the medications he was taking at the time the stipulations were made affected his reasoning. He further urged that the stipulated value of certain assets would change if *Page 4 
the de facto termination date of the marriage was determined to be the date of separation.
 {¶ 10} June 7, 2006, Alan filed a motion to strike the stipulations entered into in March 2006. He filed an amended motion to strike the following day. July 19, 2006, Linda moved the trial court to require Alan to release his dower rights in a new house she intended to purchase in Sandusky, Ohio. July 25, 2006, Alan moved the trial court, instanter, to file a brief in opposition to the motion regarding dower rights.
 {¶ 11} August 2, 2006, the magistrate filed a lengthy, painstaking decision, carefully reviewing the history of the proceedings, applying the law, and sorting out the parties' rights. The magistrate specifically incorporated his prior decision filed March 13, 2006, containing the parties' stipulations, into his August 2, 2006 decision. Regarding Alan's argument that he was incapacitated by his medication at the time the stipulations were entered, the magistrate noted his prior determination that Alan was then cogent; that Alan was represented by counsel when the stipulations were entered; and, that Alan had more than two months prior to the May 23, 2006 trial to attempt to withdraw the stipulations. Consequently, the magistrate refused to strike the stipulations. Regarding Alan's contention that the date of separation should provide the termination date of the marriage, the magistrate concluded that the parties had attempted reconciliation after the separation, and that their finances were still heavily intertwined. The magistrate found the termination date of the marriage to be March 7, 2006, the second trial date.
 {¶ 12} August 16, 2006, Alan moved the trial court for an extension of time for filing objections to the magistrate's decision. *Page 5 
 {¶ 13} August 24, 2006, the trial court denied Alan's motion for an extension of time, noting that Civ.R. 53 demands that objections to a magistrate's decision be made within fourteen days of its filing, and adopted the magistrate's decision in its entirety. October 4, 2006, the trial court entered its judgment of divorce.
 {¶ 14} Alan timely noticed appeal, making four assignments of error:
 {¶ 15} "[1.] When defendant admits that he is under the influence of narcotics and when defendant's counsel informs the magistrate that her client is under the influence of narcotics and is unable to participate in the proceedings, a magistrate errs in refusing counsel's request for a continuance.
 {¶ 16} "[2.] When a defendant states that his use of a prescription drug is impairing his ability to proceed with a trial, a magistrate errs in coercing a defendant to proceed nonetheless.
 {¶ 17} "[3.] When defendant admits that his use of a mind-altering prescription drug has impaired his ability to reason and negotiate effectively, a magistrate errs in refusing defendant's motion to withdraw stipulations.
 {¶ 18} "[4.] A trial court errs in determining that a marriage is terminated when the wife files for divorce as opposed to the date the parties separate, when the parties separate, make no attempt to reconcile, and maintain separate residences and finances."[2]
 {¶ 19} The limits of our review are circumscribed. Civ.R. 53(D)(3)(b)(iv) provides that any error, factual or legal, in a magistrate's decision is waived, except "plain error," unless a party files objections compliant with Civ.R. 53. Since Alan failed to properly *Page 6 
object to the magistrate's decision, we may only review for "plain error." Diffenbacher v. Diffenbacher, 2005-L-074, 2006-Ohio-2238, at ¶ 24. The standard of review was stated by the Supreme Court of Ohio inGoldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus:
 {¶ 20} "[i]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."
 {¶ 21} Further, Alan failed to file any transcript or affidavit regarding the proceedings before the magistrate. Consequently, our review of any factual finding is limited to plain error appearing on the face of the magistrate's decision. Cf. In re Clowtis, 11th Dist. Nos. 2006-L-042 and 2006-L-043, 2006-Ohio-6868, at ¶ 13; Civ.R. 53(D)(3)(b)(iii).
 {¶ 22} By each of his first three assignments of error, Alan attacks the magistrate's decision to have the parties negotiate stipulations, essentially regarding the values of certain assets, March 7, 2006, when trial was cancelled due to the failure of the parties to provide affidavits regarding income, expenses, and assets. Alan argues that his medications rendered him incapable of giving assent to the stipulations.
 {¶ 23} The magistrate specifically questioned Alan, at the end of the March 7, 2006 session at which the stipulations were negotiated, about his ability to give informed consent, and found Alan had the ability at that time. The magistrate entered this finding in his March 13, 2006 decision; and incorporated that decision in his final *Page 7 
decision of August 2, 2006. We cannot question this finding, in the absence of any objections or proper Civ.R. 53 record of the proceedings. Certainly, there is no plain error in the magistrate's decision.
 {¶ 24} The first three assignments of error are without merit.
 {¶ 25} By his fourth assignment of error, Alan attacks the trial court's decision to use the (second) trial date of March 7, 2006, as the termination date of his marriage to Linda, rather than their separation date of July 27, 2002.[3] He contends that this is error, since the parties made no attempt at reconciliation, and maintained separate residences and finances.
 {¶ 26} A trial court may use the date of final hearing, or, if that is inequitable, another date it chooses, in determining the termination of a marriage for purposes of property division. R.C. 3105.171(A)(2)(a) and (b); Marini v. Marini, 11th Dist. Nos. 2005-T-0012 and 2005-T-0059,2006-Ohio-3775, at ¶ 11. The analysis in determining a "de facto" termination date for a marriage is, essentially, factual, and includes: (1) whether the parties separated; (2) whether they made an attempt at reconciliation; (3) whether they continually maintained separate residences; and, (4) whether they maintained separate business or financial arrangements. Marini at ¶ 13. An appellate court may not overturn a trial court's determination of a de facto termination date for a marriage, if there is any evidence in the record to support it. Id. at ¶ 12.
 {¶ 27} In this case, the magistrate determined that the parties attempted to reconcile, and continued to maintain intertwined assets. A great deal of the magistrate's decision is devoted to separating those assets. In the absence of objections or a *Page 8 
record of the proceedings, we must accept the magistrate's factual findings. Indeed, nothing in the magistrate's decision reveals error, let alone abuse of discretion, much less plain error.
 {¶ 28} The fourth assignment of error is without merit.
 {¶ 29} The judgment of the Lake County Court of Common Pleas, Division of Domestic Relations, is affirmed.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur.
[1] The facts as set forth in this opinion are largely derived from the magistrate's decisions, for reasons which will become apparent.
[2] Linda has not filed a brief on appeal.
[3] In the assignment of error, Alan actually refers to the date Linda filed for divorce as the termination date chosen by the trial court. This is incorrect. *Page 1