OPINION
{¶ 1} Appellant, Vanassa McLemore, the mother of Vanecisha McLemore, appeals in case number 03AP-730 from an order of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, terminating her parental rights and placing Vanecisha in the permanent custody of appellee, Franklin County Children Services ("FCCS"). Vanecisha, through her guardian ad litem, appeals in case number 03AP-714 from the same judgment. These cases have been consolidated for purposes of this appeal. Because the trial court improperly relied upon inadmissible hearsay testimony in awarding permanent custody of Vanecisha to FCCS, we reverse the trial court's judgment and remand the matter for a new hearing.
 {¶ 2} Appellant gave birth to Vanecisha on May 13, 1998. On July 27, 1998, days after appellant was arrested for robbery, FCCS filed a complaint alleging that Vanecisha was a neglected child pursuant to R.C. 2151.03(A)(2), and a dependent child pursuant to R.C. 2151.04(C). On November 9, 1998, the trial court adjudicated Vanecisha a dependent child, awarded FCCS temporary custody, and approved a case plan that included steps appellant needed to accomplish to unify her with Vanecisha. Among other things, the case plan required appellant to: (1) take parenting classes; (2) attend counseling to deal with anger and stress management; (3) maintain independent housing; (4) refrain from drug use; and (5) meet all of her daughter's needs.
 {¶ 3} On May 27, 1999, FCCS requested permanent custody of Vanecisha pursuant to R.C. 2151.413. After a hearing, the trial court awarded FCCS permanent custody of Vanecisha. On appeal to this court, we reversed the trial court's award, determining that appellant received ineffective assistance of counsel at the permanent custody hearing. In re McLemore (Mar. 20, 2001), Franklin App. No. 00AP-974. Accordingly, we remanded this matter to the trial court for a new hearing.
 {¶ 4} On remand, a magistrate held a four-day hearing on FCCS' request for permanent custody. Following the hearing, the magistrate decided by clear and convincing evidence that Vanecisha has been in the temporary custody of FCCS for 12 or more months of a consecutive 22-month period, and that it was in Vanecisha's best interest to terminate appellant's parental rights and grant permanent custody of Vanecisha to FCCS. The trial court overruled appellant's objection to that decision and approved the grant of permanent custody to FCCS.
 {¶ 5} Vanecisha, by her guardian ad litem, appeals in case number 03AP-714, assigning the following error:
The trial court erred in adopting the Magistrate's decision granting permanent custody to franklin county children services because the decision was not supported by clear and convincing evidence, due to the fact that the mother completed the objectives of the case plan and there was no evidence that a permanent commitment would be in the best interest of the child.
 {¶ 6} Appellant appeals in case number 03AP-730, assigning the following errors:
[1.] Section 2151.414(b)(1)(D) of the revised code is unconstitutional under the due process clauses of the state and federal constitutions as it creates an irrebutable presumption of parental unfitness.
[2.] The trial court erred in excluding statements made by the fccs caseworker to appellant's counselor concerning her performance on the case plan, as the statements were prior inconsistent statements and constituted admissions by a party opponent under Evid.R. 801(D)(2).
[3.] The trial court erred in granting the motion for permanent custody as fccs failed to make reasonable efforts to implement the case plan.
[4.] The trial court erred in admitting hearsay testimony from appellant's probation officer concerning the results of drug tests conducted by the probation department.
[5.] The trial court erred in finding that an award of permanent custody was in the best interest of the child, pursuant to R.C. 2151.414(D).
 {¶ 7} Appellant's fourth assignment of error will be addressed first. In that assignment of error, appellant contends the magistrate erred by admitting hearsay testimony from Melissa Duffey, appellant's probation officer. Specifically, Mrs. Duffey was asked about drug tests performed on appellant's urine samples as a condition of her probation. These tests were performed by an internal laboratory operated through the Franklin County Court of Common Pleas. Over appellant's objections, Mrs. Duffey testified that the laboratory reports indicated six of appellant's nine urine samples tested positive for marijuana. The laboratory's reports were not admitted into evidence. Nor was Mrs. Duffy directly involved in preparing the reports. Appellant asserts that Mrs. Duffey's testimony regarding the positive drug tests was hearsay and improperly admitted by the magistrate. Appellant also argues that this evidence was prejudicial. We agree.
 {¶ 8} The Ohio Rules of Evidence apply to hearings on motions for permanent custody. In re Mack, 148 Ohio App.3d 626,2002-Ohio-4161, at ¶ 9; Juv.R. 34(I). Hearsay is defined in those rules as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Unless a valid exception applies, hearsay is inadmissible. Evid.R. 802. The laboratory's reports arguably could have been admitted into evidence as an exception to the hearsay rule found in Evid.R. 803(6) or 803(8). The reports themselves, however, were not admitted into evidence. Mrs. Duffey's testimony, based on her review of the reports, was the only evidence FCCS offered to prove appellant tested positive for marijuana.
 {¶ 9} Mrs. Duffey did not perform the laboratory tests and did not testify as to how the tests were performed or how the laboratory's reports were produced. She simply testified that the laboratory reports indicated appellant's urine samples tested positive for marijuana. Her testimony was offered to prove the truth of the matter asserted, i.e., that appellant tested positive for marijuana. Therefore, Mrs. Duffey's testimony was hearsay. Although some hearsay may be admissible as an exception to the general prohibition of hearsay, "[t]here is no hearsay exception, either in Evid.R. 803 or 804, that allows a witness to give hearsay testimony of the content of business records based only upon a review of the records." St. Paul Fire Marine Ins.Co. v. Ohio Fast Freight, Inc. (1982), 8 Ohio App.3d 155, 157; see, also, In re McKenzie (Oct. 24, 1994), Stark App. No. CA-94-0011. Mrs. Duffey's testimony was based solely upon her review of the laboratory reports, and these reports were not admitted into evidence. Therefore, the magistrate erred when she admitted Mrs. Duffey's testimony over appellant's objections. SeeGrant v. Forgash (Dec. 26, 1995), Franklin App. No. 95APE06-792 (hearsay testimony from third party regarding previous test results properly excluded by trial court); State v. Wilson
(Oct. 24, 1997), Champaign App. No. 96-CA-22 (probation officer's testimony from probation office records would be inadmissible hearsay).
 {¶ 10} Although the trial court erred in admitting Mrs. Duffey's hearsay testimony, we must determine whether the error in admitting her testimony was harmless error. See In re Harris
(Mar. 20, 2001), Franklin App. No. 00AP-987; Civ.R. 61. The trial court's decision noted that part of appellant's case plan required her to cooperate with a drug and alcohol assessment and to undergo random drug screens. The trial court specifically noted that appellant's probation officer testified that appellant tested positive for marijuana in six of the nine tests she administered. This testimony, in significant part, led the trial court to conclude that appellant failed to complete the major objectives of her case plan. In turn, this conclusion led the trial court to the further conclusion that an award of permanent custody to FCCS was in Vanecisha's best interest. The trial court obviously relied on Mrs. Duffey's hearsay testimony in awarding permanent custody of Vanecisha to FCCS. Therefore, we cannot say that the admission of Mrs. Duffey's testimony was harmless, as that testimony was specifically relied upon by the trial court in terminating appellant's parental rights. Cf. In re M.H.,
Cuyahoga App. No. 80620, 2002-Ohio-2968, at ¶ 79 (noting that inadmissible hearsay testimony is grounds for reversal only if trial court actually relied on that evidence); In re Mckenzie,
supra (admission of hearsay testimony is harmless error when it is clear that testimony not considered by the trial court).
 {¶ 11} We note that appellant failed to file a written objection to the magistrate's decision based upon the admission of Mrs. Duffey's hearsay testimony. This failure waives all but plain error. In re Honaker (May 10, 2001), Franklin App. No. 00AP-1269; In re Koenig, Cuyahoga App. No. 81462, 2003-Ohio-1727, at ¶ 23-24. Plain error is applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself. Honaker, supra;Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus.
 {¶ 12} The courts in both Honaker and In re M.H., supra, found that the improper admission of evidence was not plain error when that evidence was not relied upon by the trial court in its decision to grant permanent custody. However, in the case at bar, Mrs. Duffey's testimony was a significant factor in the trial court's decision. Cf. Honaker, supra (no plain error in admission of evidence when no indication that trial court's decision was significantly affected by the evidence). The trial court expressly relied on appellant's positive drug tests to conclude that she had failed to meet the major objectives of her case plan.
 {¶ 13} The permanent termination of appellant's parental rights is a significant event that "should be given every procedural and substantive protection the law allows." In reLucas (Nov. 27, 2000), Jefferson App. No. 99 JE 63. FCCS had to meet a clear and convincing evidentiary standard. In re M.H.,
supra. With that in mind, we conclude that, based on the trial court's significant reliance on appellant's positive drug tests in terminating her parental rights, the admission of that evidence was plain error and warrants a reversal of this matter. Therefore, appellant's fourth assignment of error is sustained.
 {¶ 14} Our disposition of appellant's fourth assignment of error renders appellant's first, second, third and fifth assignments of error, as well as Vanecisha's sole assignment of error moot. App.R. 12. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, and remand the matter for a new hearing on FCCS' motion for permanent custody.
Brown and Watson, JJ., concur.