OPINION
{¶ 1} Jeffrey J. Clark and Robyn C. Clark, husband and wife, (the sellers) are appealing pro se from the judgment of the Champaign County Municipal Court awarding the appellees (the buyers) judgment against the Clarks in the amount of $1,235.00 on October 23, 2003. In awarding the judgment, the judge adopted the recommendation of the magistrate entered on that same date.
 {¶ 2} The appellants did not file any objections to the magistrate's report before filing a notice of appeal almost a month later. As the appellees have pointed out, also acting pro se, the Civil Rules of Ohio require a party to file written objections to the magistrate's decision, Civ.R. 53(E)(3)(a), and by failing to file, a party may not assign as error on appeal the court's decision unless the party has timely objected to the finding or conclusion of the magistrate. Civ.R. 53(E)(3)(b). See also State ex rel. Booher v. Honda of Am. Mfg., Inc., (2000),88 Ohio St.3d 52, 53-54. As this court has recognized, the failure to file objections waives all but plain error. In reHarper, Montgomery App. No. 19948, 2003-Ohio-6666, paragraph 2. "Plain error is applied only in an extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself." In re McLemore, Franklin App. Nos. 03AP-714 and 03AP-730, 2004-Ohio-680, paragraph 11, citations omitted.
 {¶ 3} This case involved a rather complicated real estate transaction whereby the appellants were attempting to purchase two lots from the appellees, issues of marketable title, real estate surveys, health permits, and zoning variances were involved and all were very fact-sensitive to this particular real estate. The court found that the plaintiffs-appellees correctly rescinded the contract and were awarded a return of their earnest monies or deposit of $1,000.00 plus $235.00 which represented half of the surveying fees expended to determine the marketability of title. We do not find that the claims at issue here, which are so peculiarly attached to this single failed real estate transaction would set forth any error seriously affecting the basic fairness, integrity, or public reputation of the judicial process itself. The three assignments of error raised by the appellants, in the form of three different arguments all challenging the single decision of the trial court, are overruled, and the judgment is affirmed.
Fain, P.J. and Brogan, J., concur.