OPINION
{¶ 1} Appellant, Justin M. Peppard, appeals from the November 5, 2003 judgment entry of the Portage County Court of Common Pleas, granting appellees', Linda A. Markijohn's and James D. Markijohn's, motion for judgment notwithstanding the verdict.
 {¶ 2} On January 16, 2001, appellees filed a complaint against appellant and defendants, John Doe and Jane Doe, unknown parents and/or guardians of appellant, alleging that appellant negligently operated a motor vehicle which caused injuries to appellee Linda A. Markijohn. Appellant filed an answer with a request for demand for judgment pursuant to Civ.R. 8(A) on February 15, 2001.
 {¶ 3} A jury trial commenced before a magistrate on May 22, 2003.[1]
After deliberations, the jury entered a verdict in favor of appellant. Pursuant to her May 23, 2003 decision, the magistrate determined that judgment is granted in favor of appellant. On May 30, 2003, the trial court adopted the magistrate's decision.
 {¶ 4} On June 4, 2003, appellees filed a motion for judgment notwithstanding the verdict pursuant to Civ.R. 50(B). Appellant filed a brief in opposition to appellees' motion on July 14, 2003.
 {¶ 5} Pursuant to her October 17, 2003 decision, the magistrate determined that appellees' motion for judgment notwithstanding the verdict should be granted. The magistrate awarded appellees judgment in the amount of $3,000, to be set off by the amount of $1,297.23 already paid by appellant, for a total judgment of $1,702.77, plus interest. Appellant did not file an objection to the magistrate's decision.
 {¶ 6} On January 30, 1999, a minor two-car accident occurred in Ravenna, Ohio between appellee Linda A. Markijohn and appellant. Appellee Linda A. Markijohn denied that she was in any pain at the scene and refused medical treatment. Both appellee Linda A. Markijohn and appellant drove their vehicles from the scene of the accident. Approximately two hours later, appellee Linda A. Markijohn went to the emergency room at Robinson Memorial Hospital in Ravenna, Ohio, where she complained of back and shoulder pain. Appellee Linda A. Markijohn's diagnostic impression recorded from the emergency room involved thoracic strain. Appellee Linda A. Markijohn was treated and released.
 {¶ 7} Appellee Linda A. Markijohn visited her family doctor, Dr. James Martin ("Dr. Martin"), in February, March, and July of 1999, complaining of back and shoulder pain as well as headaches. According to appellee Linda A. Markijohn, she was evaluated by Dr. Martin in 1997, for sinus headaches and had a history of headache pain. Dr. Martin referred appellee Linda A. Markijohn to Dr. Selwyn-Lloyd McPherson ("Dr. McPherson").
 {¶ 8} Dr. McPherson testified in his deposition that he treated appellee Linda A. Markijohn for headache pain after the accident at issue in August 1999. Dr. McPherson stated that he believed that appellee Linda A. Markijohn's injuries were caused by the accident.
 {¶ 9} On January 20, 2003, Dr. Paul Anthony Steurer, Jr. ("Dr. Steurer") examined appellee Linda A. Markijohn. Dr. Steurer indicated in his deposition that appellee Linda A. Markijohn's MRI and CAT scans revealed an underlying condition of degenerative disease that preexisted the accident.
 {¶ 10} Pursuant to its November 5, 2003 judgment entry, the trial court adopted the magistrate's October 17, 2003 decision, granting appellees' motion for judgment notwithstanding the verdict. The trial court awarded appellees judgment in the amount of $3,000, to be set off by the amount of $1,297.23 already paid by appellant, for a total judgment of $1,702.77, plus interest. Appellant did not file an objection to the magistrate's decision. Appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 11} "The trial court erred in granting [appellees'] motion for judgment notwithstanding the verdict."
 {¶ 12} We must stress that appellant failed to file objections to the magistrate's decision.
 {¶ 13} Civ.R. 53(E)(3)(d) provides in pertinent part that: "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 14} In the instant matter, the trial court stated in its November 5, 2003 judgment entry that: "[u]pon consideration of the [m]agistrate's [d]ecision, the [c]ourt determines that there is no error of law or other defect on the face of said [d]ecision, and therefore the [c]ourt adopts said [d]ecision as the [c]ourt's own." It is undisputed that appellant filed no objections to the magistrate's October 17, 2003 decision.[2]
 {¶ 15} We stated in Kistler v. Kistler, 11th Dist. No. 2003-T-0060, 2004-Ohio-2309, at ¶ 22, that: "[i]f a party fails to file objections to a magistrate's decision in accordance with Civ.R. 53, such claim or objection is waived for purposes of appeal, and an appellant may not then challenge the court's adoption of the magistrate's factual findings on appeal. Aurora v. Sea Lakes, Inc. (1995), 105 Ohio App.3d 60, 66 * * *." (Parallel citation omitted.) Here, pursuant to Civ.R. 53(E)(3)(d), appellant waived his right to appeal the trial court's adoption of those findings of fact and conclusions of law. See Group One Realty, Inc. v.Dixie Internatl., Co. (1998), 125 Ohio App.3d 767, 768-769. Therefore, appellant's failure to file objections to the magistrate's decision precludes this court from addressing his assignment of error on the merits.
 {¶ 16} For the foregoing reasons, appellant's sole assignment of error is not wellfounded. The judgment of the Portage County Court of Common Pleas is affirmed.
Grendell, J., Rice, J., concur.
[1] On March 3, 2003, the parties unanimously consented to the magistrate presiding at the trial of the case to a jury. In addition, appellant stipulated to liability before the trial by admitting his negligence. However, appellant did not admit that his negligence proximately caused appellee Linda A. Markijohn's injuries, which, in addition to damages, was an issue at trial.
[2] The October 17, 2003 magistrate's decision set out the fourteen-day objection rule and cited Civ.R. 53(E).