{¶ 27} Because I believe that the trial court's admission of Lester B.'s polygraph examination rose to the level of plain error, and because I feel that appellant is entitled to a ruling on the specific statutory ground upon which it premised its motion, I respectfully dissent.
 {¶ 28} Though courts have generally embraced a circumspect attitude toward the invocation of the plain error doctrine in civil cases, I believe that the present case is one in which we should apply the doctrine, just as this court did in the case of In re McLemore, 10th Dist. No. 03AP-714, 2004-Ohio-680. In the McLemore case, this court reversed a judgment granting permanent custody to appellant when the trial court had relied upon erroneously admitted hearsay in concluding that the mother had failed to complete a major aspect of her case plan, and this led the lower court to its ultimate conclusion that an award of permanent custody was in the child's best interest. Because the hearsay testimony was "a significant factor in the trial court's decision,"[3]
this court concluded that the erroneous admission of the testimony rose to the level of plain error.
 {¶ 29} The court in McLemore noted that the trial court's reliance on hearsay was acutely problematic in a case in which such evidence is used to permanently terminate a parent's parental rights. Id. at ¶ 13. In my view, reliance upon inadmissible evidence to erroneously find case plancompliance is just as problematic as is the use of such evidence to find case plan noncompliance. When such an error forms a significant part of the basis for an award of custody to a parent, this error is no less palpable or damaging to the basic integrity of the proceedings than when the court relies on inadmissible evidence to terminate a parent's parental rights.
 {¶ 30} The polygraph evidence tainted the result in this case in two troubling ways. First, the trial court relied on the polygraph evidence in concluding that Lester B. had substantially complied with the requirements of his case plan, even though the case plan contains no mention whatsoever of a polygraph requirement. Second, in the trial court's view, the polygraph evidence essentially exonerated Lester B. of his prior conviction for sexual assault. This is problematic because that conviction might otherwise have played a larger role in the court's analysis of G.B.'s best interest, pursuant to R.C. 2151.414(D)(5), and because, had the trial court decided the precise issue upon which appellant based its motion — R.C. 2151.414(B)(1)(a), discussed further below — the sexual assault conviction would have compelled a finding that G.B. should not be placed with Lester B., pursuant to R.C. 2151.414(E)(7). Because the result of the lower court proceedings might well have been substantially different absent that court's reliance on the inadmissible polygraph evidence, I would find the existence of plain error and would thus sustain appellant's fifth assignment of error.
 {¶ 31} I would also sustain appellant's second assignment of error due to the posture of appellant's motion, the manner in which the trial court ultimately disposed of that motion, and the plain language of R.C.2151.414(B)(1).
 {¶ 32} In its motion, FCCS alleged that it would demonstrate entitlement to an order of permanent commitment under R.C.2151.414(B)(1)(a), which requires that appellant prove, by clear and convincing evidence, inter alia, that G.B. "cannot be placed with either of [her] parents within a reasonable time or should not be placed with[her] parents." (Emphasis added.) As the majority notes, it is well-established that R.C. 2151.414(B)(1) provides an array of four choices, any of one of which a trial court may permissibly rely upon ingranting an agency's motion for permanent custody. Thus, in granting such a motion, the court need only find that one of the four choices (in addition to the best interest finding) is supported by the clear and convincing evidence.
 {¶ 33} But when an agency's motion is premised upon R.C.2151.414(B)(1)(a), it is based primarily upon the allegation that some clear and convincing reason exists why the child cannot or should not be placed with that child's parent(s). This requires a factfinding endeavor that is quite different from the mathematical inquiry triggered by R.C.2151.414(B)(1)(d). When presented with such a motion, then, I believe that the better practice is to first determine whether or not the child cannot be placed with the child's parents within a reasonable time, or should not be placed with the parents, and then to proceed to the best interest analysis, rather than to leave undecided a potentially dispositive issue. Because the trial court failed to address the specific ground upon which appellant's motion was advanced, I would sustain appellant's second assignment of error.
 {¶ 34} In summary, I believe that this proceeding was detrimentally affected by the trial court's erroneous admission of, and reliance upon, the polygraph evidence, and that the trial court failed to make a crucial factual finding required by the applicable statute and the posture of the motion before it. Accordingly, I would sustain appellant's second and fifth assignments of error, find the remaining assignments of error moot, reverse the judgment of the trial court, and remand this matter for a new evidentiary hearing on the motion for permanent court commitment. Because the majority has determined otherwise, I respectfully dissent.
[3] Id. at ¶ 11.