OPINION
{¶ 1} Plaintiffs-appellees, Alyssa O'Connor and Cindy Bolen, filed this action on September 11, 2002.[1] Appellees alleged that defendants-appellants, Trans World Services, Inc. ("TWS") and its president and sole shareholder, Kenneth Matthews, breached appellees' compensation contracts by not properly paying earned commissions and that appellants committed fraud by inducing appellees to enter into employment with TWS. O'Connor also filed claims of sexual harassment and constructive discharge against both appellants.
 {¶ 2} After several continuances, the parties agreed to have the case referred to a magistrate. In December 2004, a jury trial began with a magistrate presiding. The jury rendered a verdict in appellees' favor, awarding to Bolen $13,421.89 against TWS for the breach of contract claim and $17,002.41 against TWS and $17,002.42 against Matthews for the fraud claim. The jury awarded O'Connor $15,122.82 against TWS for the breach of contract claim, $3,864.05 against TWS and $3,864.05 against Matthews for the fraud claim, and $3,881.25 against TWS and $431.25 against Matthews for the sexual harassment claim. The magistrate filed a decision on December 20, 2004. The judgment entries were filed on December 28, 2004. No objections were filed.
 {¶ 3} Appellees filed a motion for a new trial on January 3, 2005. Appellants filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial on January 11, 2005. The magistrate issued a decision denying the motions on May 3, 2005. The trial court adopted the decision on June 16, 2005. Again, no objections were filed.
 {¶ 4} Appellants now appeal, raising the following assignments of error:
A. THE TRIAL COURT ERRED IN OVERRULING DEFENDANTS' MOTION TO WITHDRAW ADMISSIONS.
B. THE TRIAL COURT ERRED BY READING PLAINTIFFS' SUBMITTED FACTS TO THE JURY PRIOR TO OPENING STATEMENTS.
C. THE TRIAL COURT ERRED BY REFUSING TO ALLOW DEFENDANTS' WITNESS, SCOTT MASON, TO TESTIFY AND PRESENT AN EXHIBIT AS AN EXPLANATION FOR THE DISCREPANCIES IN COMMISSION EARNINGS ON THE COMPUTER GENERATED REPORTS REFLECTED IN PLAINTIFFS' EXHIBITS 1 AND 2 AND OTHER EARNINGS STATEMENTS.
D. THE TRIAL COURT ERRED BY GRANTING PLAINTIFFS' MOTION FOR PARTIAL DIRECTED VERDICT AS TO THEIR CLAIMS FOR BREACH OF CONTRACT.
E. THE TRIAL COURT ERRED BY DENYING DEFENDANTS' MOTION FOR PARTIAL DIRECTED VERDICT AND MOTION FOR JUDGMENT NOV ON PLAINTIFFS' CLAIMS FOR FRAUD.
F. THE TRIAL COURT ERRED BY DENYING DEFENDANTS' MOTION FOR PARTIAL DIRECTED VERDICT AND MOTION FOR JUDGMENT NOV ON PLAINTIFF O'CONNOR'S CLAIM FOR SEXUAL HARASSMENT.
 {¶ 5} Appellees filed a motion to dismiss appellants' appeal for lack of a final, appealable order. Appellees also filed a motion for cross-appeal and raise the following assignments of error:
1. The trial court erred in excluding testimony of Adam Towne regarding conversations he had with Defendant-Appellant Kenneth Matthews in which Matthews expressed malicious disregard of the consequences of his sexual harassment of Plaintiff-Appellee/Cross-Appellant Alyssa O'Connor.
2. The trial court erred in excluding testimony of Adam Towne and Carol Gavazzi regarding Defendant-Appellant Kenneth Matthews' similar sexual harassment of Gavazzi and other women in the workplace.
3. The trial court erred in excluding cross-examination of Defendant-Appellant/Cross-Appellee Kenneth Matthews regarding his sexual harassment of other women in the workplace and his statements to Adam Towne in response to Towne's concerns about his sexual harassment of Alyssa O'Connor.
4. The trial court erred in excluding testimony of Alyssa O'Connor and witness Beverly Sullivan regarding Matthews' sexual harassment and sexual battery of Sullivan.
5. The trial court erred in not charging the jury that they could award emotional distress damages to Plaintiff-Appellees/Cross-Appellants, Alyssa O'Connor and Cindy Bolen, on the fraud claim.
 {¶ 6} Although not raised by either party, we must first address whether appellants and appellees may raise these issues on appeal given their failure to file objections to the magistrate's decisions. For the following reasons, we conclude that these issues have been waived.
 {¶ 7} Civ.R. 53(E)(1) requires a magistrate to prepare and file a decision of the referred matter with the trial court. A magistrate's decision is only a recommendation. "It is the primary duty of the court, and not the [magistrate], to act as a judicial officer." Normandy Place Assoc. v. Beyer (1982),2 Ohio St.3d 102, 105. Magistrates serve only in an advisory capacity to the court and have no authority to render final judgments affecting the rights of parties. Nolte v. Nolte
(1978), 60 Ohio App.2d 227, paragraph two of the syllabus; Roev. Heap, Franklin App. No. 03AP-586, 2004-Ohio-2504.
 {¶ 8} Civ.R. 53 also provides parties the opportunity to object to the magistrate's decision before the trial court enters judgment. This process enables the trial court to address any alleged errors before final judgment is entered. Moreover, Civ.R. 53(E)(3)(d) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Thus, Civ.R. 53(E) imposes a duty to make timely, specific objections to the trial court. In State exrel. Booher v. Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52,53-54, the Supreme Court of Ohio held that pursuant to Civ.R. 53(E)(3)(b), now Civ.R. 53(E)(3)(d), a party is barred from raising any error on appeal pertaining to a trial court's adoption of any finding of fact or conclusion of law by a magistrate unless that party timely objected to that finding or conclusion as required under the rule.
 {¶ 9} Alleged errors by the magistrate that could have been brought to the attention of the trial court before the trial court entered judgment are waived even if the magistrate presided over a jury trial. For example, in Markijohn v. Peppard,
Portage App. No. 2003-P-0131, 2005-Ohio-1411, the magistrate presided over a jury trial. After deliberating, the jury entered a verdict in favor of the appellant and the magistrate rendered a decision reflecting that verdict. The trial court adopted the magistrate's decision and entered judgment for the appellant. Thereafter, appellee filed a motion for judgment notwithstanding the verdict. The magistrate rendered a decision recommending that the trial court grant appellee's motion. Appellant did not file an objection to the magistrate's decision. The trial court adopted the magistrate's decision and entered judgment for appellee. On appeal, the court found that appellant waived any claimed error because appellant failed to file objections.
 {¶ 10} Here, neither appellants nor appellees filed objections to the magistrate's decision reflecting the jury's verdict or to the magistrate's decision overruling the motions for new trial and motion for judgment nothwithstanding the verdict. The trial court adopted both magistrate decisions and entered judgment. Therefore, the parties waived any alleged error (except plain error as discussed below) pertaining to those decisions.
 {¶ 11} When a party has not filed objections to a magistrate's decision and the trial court has entered judgment, appellate review is limited to plain error analysis. See Bufordv. Singleton, Franklin App. No. 04AP-904, 2005-Ohio-753. The plain error doctrine is not favored in civil proceedings and "may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus.Goldfuss makes clear that the plain error doctrine is to be used sparingly and is not warranted in the absence of circumstances raising something more than a mere failure to object. Brown v. Zurich, 150 Ohio App.3d 105, 2002-Ohio-6099, at ¶ 28, quoting R.G. Real Estate Holding, Inc. v. Wagner (Apr. 24, 1998), Montgomery App. No. 16737.
 {¶ 12} We fail to find plain error in the case at bar. This is not the extremely rare case that involves exceptional circumstances where the alleged errors seriously affect the basic fairness, integrity, or public reputation of the judicial process itself.
 {¶ 13} For the foregoing reasons, we overrule appellants' six assignments of error and appellees/cross-appellants' five assignments of error.
 {¶ 14} Appellees also filed a motion to dismiss appellants' appeal arguing that appellants' notice of appeal was not timely filed. Appellants filed their notice of appeal on June 5, 2005. The trial court filed the entry of judgment on June 16, 2005. Appellees contend that because appellants' notice of appeal was premature, we should dismiss appellants' appeal. We disagree. Loc.R. 3(A) provides that "a notice of appeal prematurely filed before actual entry of the judgment or order appealed from shall be treated as filed after such entry and on the day thereof." Therefore, appellants timely filed the notice of appeal.
 {¶ 15} For the foregoing reasons, appellees' motion to dismiss is denied and the judgment of the Franklin County Court of Common Pleas is affirmed.
Motion to dismiss denied; judgment affirmed.
Petree and McGrath, JJ., concur.
[1] Beverly Sullivan was an original plaintiff but voluntarily dismissed her claims on October 29, 2003.