DECISION
{¶ 1} Appellant, K.M.B. ("appellant"), appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which that court denied her motion to terminate the court's previous order awarding legal custody of appellant's two minor children, J.M.B. and J.N.B., to their maternal grandmother.
 {¶ 2} J.M.B. was born on February 14, 1998, and J.N.B. was born on April 11, 2000. This case began on October 25, 2000, when appellee, Franklin County Children *Page 2 
Services ("appellee"), filed a complaint alleging that J.M.B. and J.N.B. were neglected and dependent children. Appellee obtained temporary custody of the children and placed them with their maternal grandmother. On January 18, 2001, appellee dismissed the first cause of action, which alleged neglect, and the matter proceeded uncontested on the second cause of action, which alleged that the children were dependent. Thereafter, the magistrate adjudicated J.M.B. and J.N.B. to be dependent children and committed them to the temporary custody of appellee. The children have resided continuously with their grandmother ever since.
 {¶ 3} On July 13, 2001, appellant filed a motion to terminate the order of temporary custody to appellee on the grounds that she had completed all requirements of her case plan.
 {¶ 4} One of the concerns noted in the case plan was that appellant and CM. ("CM."), the father of J.M.B. and J.N.B., had a history of perpetrating domestic violence upon each other. The caseworker's notes from the August 6, 2001 review reveal that, during the immediately preceding weekend, appellant had stabbed CM. with a knife, and C.M.'s injuries required hospitalization. The caseworker also noted that the risk to the children from, inter alia, appellant losing her temper, had not been reduced. Also on August 6, 2001, it was noted that appellant needed to attend individual counseling "to help her deal with her dependency on [CM.]" and noted that the stabbing incident would "alter the time frame." Thus, on September 7, 2001, the case plan was amended to add the counseling requirement.
 {¶ 5} On November 28, 2001, appellee filed a motion to terminate the temporary court commitment of the children to the agency, and to issue legal custody to the *Page 3 
maternal grandmother. In support of its motion, appellee submitted the affidavit of the caseworker, Erin Shanbrom, in which she stated:
 [Appellant] has not completed her case plan. The amended case plan which was submitted into court states that [appellant] will attend individual mental health counseling to help her with issues of co-dependency upon [CM.], the father of the children. [Appellant] has stated several times to this worker that she is not going to attend counseling. [Appellant] believes that she does not need counseling however [appellant] believes that since [CM.] is the natural father he is [sic] has the right to do what he wishes with the children. [CM.] has not completed any objectives on his case plan and has not had contact with the agency since March. There is ongoing domestic violence between [CM.] and [appellant]. In the beginning of August [CM.] reportedly broke into [appellant]'s home and was stealing items and in return [appellant] stabbed [CM.] in the chest. Since that time [appellant] reports that she has not had contact with [CM.], however [appellant] pressed domestic violence charges against [CM.] on 9/1/01. [Appellant] refuses to attend counseling and does not appear to understand or agree with the concerns regarding [CM.]. [Appellant] believes that because [CM.] is the father of the children he has the right to do as he wishes with them.
 {¶ 6} On January 15, 2002, the caseworker reported that appellant had not participated in offered services and did not have a job or stable housing. The caseworker recommended that custody remain with the children's grandmother.
 {¶ 7} On May 28 and 30, 2002, the court conducted a hearing on appellant's motion to terminate temporary custody and on the agency's motion for an order of legal custody. On June 7, 2002, the magistrate issued a decision denying appellant's motion, and granting the motion for legal custody. By judgment entry journalized the same day, the court adopted the magistrate's decision and awarded legal custody to the children's maternal grandmother. No party filed objections to the magistrate's decision or appealed *Page 4 
the judgment. The caseworker's notes from the June 10, 2002 review indicate that appellant had told the caseworker that she agreed to begin individual counseling.
 {¶ 8} On March 28, 2006, appellant filed a motion to terminate the order of permanent custody, or, in the alternative, to expand the amount of time she is allowed each week for visitation with the children. On June 15, 2006, the magistrate ordered that appellant be permitted to have unsupervised visits with the children every Saturday from 12:00 noon until 4:00 p.m.
 {¶ 9} On October 25, 2006, the trial court held a hearing on appellant's motion. The record reveals that on the morning of trial, appellant's appointed counsel advised the court that he was in the middle of a trial in another case. He further advised that he intended to request a continuance, but that appellant told him that she did not want the case delayed and, therefore, she wished to proceed on that date without counsel. The court advised appellant that she would be permitted to proceed pro se, but warned appellant that the burden of proof would be upon her, and that the court, as the neutral trier of fact, could not intervene to assist appellant or to give her legal advice. The court further advised appellant that it would grant a continuance so that appellant's appointed counsel could represent her at a later date. However, appellant declined that offer and indicated she wished to proceed that day. The court then dismissed appellant's counsel and proceeded with trial.
 {¶ 10} On October 31, 2006, the magistrate filed a decision finding that appellant had not proven that a change of circumstances existed that warranted termination of the order of legal custody. The court adopted the magistrate's decision. Appellant never filed *Page 5 
objections to the magistrate's decision. Rather, on November 9, 2006, she instituted this appeal and advances two assignments of error, as follows:
 ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR A MODIFICATION OF THE CUSTODY ORDER.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED WHEN IT DENIED THE ALTERNATIVE MOTION FOR ADDITIONAL VISITATION.
 {¶ 11} Though appellant has not raised the issue and appellee did not participate in this appeal, we must address whether appellant may raise the foregoing issues on appeal given her failure to file objections to the magistrate's decision. Civ.R. 53 provides parties the opportunity to object to the magistrate's decision before the trial court enters judgment. This process enables the trial court to address any alleged errors before final judgment is entered.
 {¶ 12} Pursuant to Civ.R. 53(E)(3)(d), "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See, e.g., In re A.V., Franklin App. No. 05AP-789, 2006-Ohio-3149, ¶ 22, discretionary appeal not allowed,111 Ohio St.3d 1471, 2006-Ohio-5625, 855 N.E.2d 1259; Buford v.Singleton, Franklin App. No. 04AP-904, 2005-Ohio-753, ¶ 6; Brown v.Zurich, 150 Ohio App.3d 105, 2002-Ohio-6099, 779 N.E.2d 822, ¶ 26. In this way, Civ.R. 53(E) imposes a duty to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision. O'Connor v. Trans WorldServs., Franklin App. No. 05AP-560, 2006-Ohio-2747, ¶ 8, *Page 6 
discretionary appeal not allowed, 111 Ohio St.3d 1432,2006-Ohio-5351, 855 N.E.2d 497.
 {¶ 13} "When a party has not filed objections to a magistrate's decision and the trial court has entered judgment, appellate review is limited to plain error analysis." O'Connor, supra, at ¶ 11. The plain error doctrine is not favored in civil proceedings and "may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus. See, also, In reMcLemore, Franklin App. No. 03AP-714, 2004-Ohio-680, ¶ 11.Goldfuss makes clear that the plain error doctrine is to be used sparingly and is not warranted in the absence of circumstances raising something more than a mere failure to object. Brown, at ¶ 28.
 {¶ 14} We are mindful that appellant acted pro se in the proceedings below. Nevertheless, a pro se litigant "`is held to the same rules, procedures and standards as those litigants represented by counsel and must accept the results of her own mistakes and errors.'" Dailey v. R J Commercial Contracting, Franklin App. No. 01AP-1464, 2002-Ohio-4724, ¶ 17, quoting Dornbirer v. Paul (Aug. 19, 1997), Franklin App. No. 96APE11-1560, discretionary appeal not allowed, 80 Ohio St.3d 1476,687 N.E.2d 472. We also note that the record reveals that appellant was served with a copy of the magistrate's decision, which contained the following admonishment in bold typeface, conspicuously placed in the middle of the document: *Page 7 
 NOTICE TO THE PARTIES
 A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civil Rule 53(D)(3)(a)(ii) or Juvenile Rule 40(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civil Rule 53(D)(3)(b) or Juvenile Rule 40(D)(3)(b).
 {¶ 15} We fail to find plain error in the case at bar. This is not the extremely rare case that involves exceptional circumstances where the alleged errors seriously affect the basic fairness, integrity, or public reputation of the judicial process itself.
 {¶ 16} For the foregoing reasons, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
 KLATT and McGRATH, JJ., concur. *Page 1