[Cite as *In re B.R.*, 2025-Ohio-599.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

IN RE:

    B.R.,

ADJUDGED DEPENDENT CHILD.

[AMANDA R. - APPELLANT]

CASE NO. 3-24-23

O P I N I O N

---

IN RE:

    J.R.,

ADJUDGED NEGLECTED CHILD.

[AMANDA R. - APPELLANT]

CASE NO. 3-24-24

O P I N I O N

---

IN RE:

    G.D.,

ADJUDGED NEGLECTED CHILD.

[AMANDA R. - APPELLANT]

CASE NO. 3-24-25

O P I N I O N

---

Appeals from Crawford County Common Pleas Court
Juvenile Division
Trial Court Nos. 2235089, 2235075 and 2235074

Judgments Reversed and Causes Remanded

Date of Decision:  February 24, 2025

Case Nos. 3-24-23, 24, 25

**APPEARANCES:**

*Thomas L. Erb* **for Appellant**

*Michael J. Wiener* **for Appellee**

**ZIMMERMAN, J.**

**{¶1}** Mother-appellant, Amanda R. ("Amanda"), appeals the August 14, 2024 decisions of the Crawford County Court of Common Pleas, Juvenile Division, granting permanent custody of her minor children, B.R., J.R., and G.D., to appellee, Crawford County Job and Family Services (the "agency"). For the reasons that follow, we reverse.

**{¶2}** The minor children involved in these proceedings are B.R. (born in 2010), child of Amanda and Ernest T. ("Ernest"); J.R. (born in 2017), child of Amanda and Kelly J. ("Kelly"); and G.D. (born in 2022), child of Amanda and Tyler D. ("Tyler").[1] The underlying actions commenced on July 28, 2023, with the agency's filing of complaints alleging neglect as to J.R. and G.D. On the basis of its July 28, 2023 complaints, the agency moved the trial court for an order of emergency temporary custody of J.R. and G.D. The trial court granted the requested relief.

---

[1] Despite being properly served with notice, neither Ernest nor Kelly participated in the trial court proceedings.

-2-

{¶3} Following a probable cause hearing held on July 31, 2023, the trial court found probable cause to believe J.R. and G.D. were neglected children and determined that their best interests were served by remaining in the temporary custody of the agency.

{¶4} On August 21, 2023, the trial court conducted an adjudicatory hearing, at which time J.R. and G.D. were adjudicated neglected children. Pursuant to this adjudication, the trial court granted temporary custody to a suitable relative. Subsequently, following a hearing on October 5, 2023, the trial court modified the prior order, granting temporary custody to the agency due to the relative's notification that they could no longer provide care for the children.

{¶5} On September 20, 2023, the agency filed a separate complaint alleging dependency as to B.R., who was then in the legal custody of another individual. Following a hearing on October 5, 2023, B.R. was adjudicated dependent and placed in the agency's temporary custody. B.R. was subsequently placed in a qualified treatment program.

{¶6} On July 28, 2023, the trial court appointed a guardian ad litem ("GAL") to represent J.R. and G.D. The GAL filed reports on June 10, 2024, recommending that permanent custody of J.R. and G.D. be granted to the agency due to Amanda's lack of participation in recommended services. Throughout the pendency of the cases, the agency filed case plans and semi-annual reviews with the trial court.

{¶7} On April 26, 2024, the agency filed motions in the trial court seeking permanent custody of B.R., J.R., and G.D. In their motions, the agency alleged that the children had not been in the temporary custody of the agency for 12 or more months of a consecutive 22-month period and that the children could not or should not be placed with their parents because their parents failed continuously and repeatedly to substantially remedy the conditions necessitating their removal from the home.

{¶8} Subsequent to a permanent custody hearing held on June 18, 2024, the agency, in accordance with the trial court's order, filed a supplemental report in each respective case on August 1, 2024, documenting additional home visits and discussions with Amanda regarding efforts to address the identified issues.[2] Amanda did not file a response to the supplemental report.

{¶9} On August 14, 2024, in a vacuous entry in which the trial court did not explicitly state its requisite findings with respect to R.C. 2151.414(B)(1) or (D), the trial court nevertheless granted permanent custody of B.R., J.R., and G.D. to the agency.[3] *See In re Sanders Children*, 2004-Ohio-5878, ¶ 71 (5th Dist.) (emphasizing that the better practice remains for a trial court to make an explicit finding that recites the relevant language of R.C. 2151.414(B)(1)); *In re L.W.*, 2017-Ohio-4352, ¶ 8 (3d Dist.) (addressing the trial court's failure to "specifically address

---

[2] Though properly notified, Tyler did not appear at the permanent-custody hearing.
[3] The trial court filed nunc pro tunc judgment entries on August 26, 2024 to correct a clerical error.

the factors or even indicate that it had specifically considered the factors set forth in R.C. 2151.414(D)").

{¶10} On September 10, 2024, Amanda filed her notices of appeal and this court consolidated the cases for purposes of appeal.[4]  Amanda raises three assignments of error for our review.  Because it is dispositive, we will begin with Amanda's third assignment of error.

### Third Assignment of Error

**The Trial Court Abused Its Discretion When It Admitted Evidence Following Permanent Custody Hearing.**

{¶11} In her third assignment of error, Amanda argues that the trial court erred by admitting the agency's August 1, 2024 supplemental report.  Specifically, Amanda contends that the report's inclusion of evidence concerning her lack of securing housing and employment, presented after the permanent custody hearing, precluded her opportunity to respond and directly affected the outcome of the proceedings.

*Standard of Review*

{¶12} The admissibility of evidence is a matter within the sound discretion of the trial court.  *In re S.L.*, 2016-Ohio-5000, ¶ 24 (3d Dist.).  *See also In re M.G.*, 2023-Ohio-1316, ¶ 34 (12th Dist.) (noting that the abuse-of-discretion standard applies in permanent custody cases).  Consequently, an appellate court will not

---

[4] Neither Ernest, Kelly, nor Tyler filed a notice of appeal.

disturb a trial court's evidentiary rulings absent a finding that the court abused its discretion. *In re S.L.* at ¶ 24. An abuse of discretion is demonstrated when the trial court's decision is deemed unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶13} However, because Amanda did not object to the admission of the agency's supplemental report, she has waived all but plain error on appeal. *Accord In re M.G.* at ¶ 34. "A finding of plain error is strictly limited, extremely rare, and occurs only in exceptional circumstances." *Id. See also In re K.R.*, 2016-Ohio-2775, ¶ 20 (12th Dist.) (acknowledging that "[t]he plain error doctrine is not favored in civil cases"). "This is because the plain error doctrine implicates only those errors 'that are "obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse [e]ffect on the character and public confidence in judicial proceedings."'" *In re M.G.* at ¶ 34, quoting *In re J.M.*, 2019-Ohio-3716, ¶ 14 (12th Dist.), quoting *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209 (1982).

*Analysis*

{¶14} Having carefully considered the entirety of the record before this court, we conclude that this case presents an extraordinary set of circumstances that severely compromise the legitimacy of the underlying judicial proceedings. That is, based on the specific facts and circumstances of this case, the trial court's

admission of the agency's August 1, 2024 supplemental report constitutes plain error.

**{¶15}** Generally, following a permanent custody hearing, the trial court retains discretion to allow either party to present further evidence, even after the parties have rested their cases. *In re C.P.*, 2010-Ohio-346, ¶ 20 (10th Dist.). *See also Mills v. Mills*, 2003-Ohio-6676, ¶ 48 (11th Dist.) ("'It is within the discretion of the trial court to permit either party to introduce evidence after both sides have rested.'"), quoting *Huebner v. Miles*, 92 Ohio App.3d 493, 504 (12th Dist. 1993). This authority derives from the court's inherent authority to control its docket and to ensure the fair and efficient administration of justice. *In re C.P.* at ¶ 20. Judicial determinations that impact the course of trial proceedings will not be overturned absent a showing of "a prejudicial abuse of discretion." *Holm v. Smilowitz*, 83 Ohio App.3d 757, 772 (4th Dist. 1992). Again, "[a]n abuse of discretion connotes more than an error of law or judgment; it implies an unreasonable arbitrary or unconscionable attitude." *Id.*

**{¶16}** Here, the post-trial submission of the supplemental report severely prejudiced Amanda's ability to defend her parental rights. Importantly, the trial court's decision permitting the post-trial filing fundamentally undermined the fairness of the hearing and violated Amanda's due process rights, particularly because the court relied on the report in rendering its decision. *See In re McLemore*, 2004-Ohio-680, ¶ 12 (10th Dist.).

{¶17} Indeed, in this case, Amanda was denied a meaningful opportunity to respond to the report's contents, effectively precluding her from investigating the report's findings and challenging the report's credibility and accuracy. Specifically, Amanda was unable to thoroughly investigate the report's findings, including interviewing witnesses identified within, obtaining expert opinions to counter the report's conclusions, and gathering supporting evidence to rebut its allegations. Likewise, the post-trial submission deprived Amanda of the crucial ability to cross-examine the individuals who authored or contributed to the report, identify and address potential biases or errors, and effectively challenge the credibility and accuracy of the information presented.

{¶18} Moreover, the post-trial submission created an imbalance in the presentation of evidence. Significantly, the agency had the benefit of presenting its most recent findings while Amanda was denied the opportunity to adequately respond and present a counterargument. This imbalance severely prejudiced Amanda and undermined the fundamental principles of fairness and impartiality that must underpin all judicial proceedings.

{¶19} Consequently, the agency's post-trial submission of the supplemental report not only denied Amanda a fair hearing but also erodes public trust in the integrity of the judicial process. Thus, the trial court's post-trial admission of the supplemental report was unreasonable, arbitrary, or unconscionable. Accordingly, we conclude that the trial court's admission of the supplemental report constituted

a prejudicial abuse of discretion and constitutes plain error. *See In re McLemore*, 2004-Ohio-680, at ¶ 13 (10th Dist.).

**{¶20}** For these reasons, Amanda's third assignment of error is sustained.

### First Assignment of Error

**The Award of Permanent Custody To The State Of Ohio Was Against The Sufficiency Of The Evidence.**

### Second Assignment of Error

**Mother Received Ineffective Assistance Of Trial Counsel, And But For Counsel's Actions Or Inactions The Result Of The Permanent Custody Hearing Would Have Been Different.**

**{¶21}** In her first assignment of error, Amanda argues that the trial court erred by granting permanent custody of B.R., J.R., and G.D. to the agency. She further asserts in her second assignment of error that her trial counsel rendered ineffective assistance by failing to object to the admission of two reports: the agency's supplemental report, filed on August 1, 2024, and Dr. David J. Tennenbaum's, Ph.D., report, disclosed contemporaneously with the permanent custody hearing. However, based on our resolution of Amanda's third assignment of error, Amanda's arguments in her first and second assignments of error are rendered moot and we decline to address them. *Accord In re Y.H.*, 2023-Ohio-2272, ¶ 38 (1st Dist.); *In re C.S.*, 2017-Ohio-4345, ¶ 20 (9th Dist.); App.R. 12(A)(1)(c).

{¶22} Having found error prejudicial to the appellant herein in the particulars assigned and argued in the third assignment of error, we reverse the judgments of the trial court and remand for further proceedings consistent with this opinion.

***Judgments Reversed***
***and Causes Remanded***

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

**/hls**